■ In the Matter of ERIC J., JR., and Another, Children Alleged to be Abused or Neglected. COMMISSIONER OF SOCIAL SERVICES, Respondent; SUE P., Appellant, et al., Respondent. [636

NYS2d 762] —Order of fact finding and disposition, Family Court, Bronx County (Marjory Fields, J.), entered July 1, 1993, which, insofar as appealed from, found that respondent-appellant mother had neglected the subject children, and placed the care and custody of her son with his father, unanimously affirmed, without costs.

A preponderance of the evidence established that appellant's daughter was sexually abused in appellant's home by an older male sibling for approximately nine years from the time she was six years old; that while appellant had no actual knowledge of the abuse, she was aware that the daughter had exhibited a vaginal discharge when she was eight years old; that appellant's boyfriend, the son's father, informed appellant that the daughter and older sibling were exhibiting what he described as promiscuous behavior toward one another; and that appellant's failure to acknowledge the implications of these facts and to create an environment where the children felt safe to confide in her and seek her assistance, placed the children at risk of imminent impairment or future abuse such as to warrant a finding of neglect (Family Ct Act § 1012 [f] [i]; *see, Matter of New York City Dept. of Social Servs. [Anna Marie A.] v Elena A.*, 194 AD2d 608; *Matter of Jose Y.*, 177 AD2d 580; *Matter of Katherine C.*, 122 Misc 2d 276). When the issue is whether the parent allowed the child to be abused, the test is whether a reasonable and prudent parent would have acted under the circumstances presented (*Matter of Scott G.*, 124 AD2d 928, 929; *Matter of Katherine C., supra*). Here, even after viewing portions of a videotape of the older sibling's sexual activities with the daughter, appellant failed to seek medical or other assistance for the daughter, and continued to deny and trivialize the abuse.

Evidence introduced at the dispositional hearing, including that appellant was unaware that the abuser himself had been abused in appellant's home by a step-sibling, and had yet to fully understand how her own attitudes and behaviors created an atmosphere where such activities could take place over such extended periods of time, demonstrated fundamental and dangerous failings in appellant's understanding of the duties of parenthood (*see, Matter of Katherine C., supra*, at 281-282), and supported the removal of the children from her home. Based upon the testimony of the various professionals involved in the case, Family Court also properly concluded that there was insufficient reason to remove the son from the home of his natural father, and we find no merit to appellant's additional arguments in that regard. Concur—Murphy, P. J., Sullivan, Kupferman, Ross and Williams, JJ.