■ In the Matter of KASEY MARIE M. and Others, Children Alleged to be Neglected. AWILDA M., Appellant; ST. CHRISTOPHER-OTTILIE, Respondent. [738 NYS2d 346] —Orders of disposition, Family Court, New York County (Rhoda Cohen, J.), entered on or about December 22, 1999, which, upon a fact-finding determination of permanent neglect, terminated respondent mother's parental rights to the subject children and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the City of New York for the purposes of adoption, unanimously affirmed, without costs.

Respondent stands convicted of the murder of the subject children's six-year-old sibling, for which respondent is serving a sentence of 15 years to life. The record establishes that the six-year-old's murder was preceded by numerous episodes in which the child was savagely physically and emotionally abused by respondent. Despite her guilty plea, which respondent characterizes as the product of mere expedience, respondent has consistently refused meaningfully to acknowledge her responsibility for her daughter's death. Subsequent to her murder conviction, respondent was barred by court order from having contact with her surviving children, and, in the instant permanent neglect proceedings, the mental health experts testified unanimously and emphatically that contact between respondent and the subject children would be detrimental to

the children's emotional well-being. Under these extreme circumstances, where it was plain that encouraging the parent-child relationship would not be in the children's interests, petitioner agency was excused from its usual obligation diligently to endeavor to strengthen the parent-child bond (Social Services Law § 384-b [7] [a]; Family Ct Act § 614 [1] [c]; *see also, Matter of Sheila G.*, 61 NY2d 368, 383 n 5; *Matter of Abdul W.*, 224 AD2d 875).

While a formal dispositional hearing was not conducted, the objective of a dispositional hearing was satisfied. Family Court inquired as to what order of disposition should be made in accordance with the best interests of the children (*see*, Family Ct Act § 623). No viable plan was offered by respondent, and the custody action of the children's paternal uncle had been dismissed for the uncle's failure to appear for the custody hearing as scheduled. Accordingly, Family Court properly determined that the best interests of the children would be most efficaciously advanced by terminating respondent's parental rights so as to free the children for adoption (*see, Matter of Nicole Monique H.*, 270 AD2d 205, *lv denied* 95 NY2d 761). Concur—Nardelli, J.P., Tom, Sullivan, Rubin and Friedman, JJ.