■ In the Matter of JOSELUISE JUAN M. and Others, Children Alleged to be Permanently Neglected. JOSE M., Appellant; PIUS XII YOUTH AND FAMILY SERVICES, Respondent. [755 NYS2d 41] —Orders of disposition, Family Court, Bronx County (Clark Richardson, J.), entered on or about August 18, 2000, which, to the extent appealed from, upon fact-finding determinations of permanent neglect, terminated respondent father's parental rights and committed custody and guardianship of the subject children to petitioner agency and the Commissioner of Social Services for the City of New York for the purpose of adoption, unanimously affirmed, without costs.

The participation of respondent, who was incarcerated in a federal facility, in the proceedings by telephone and with the assistance of counsel and an interpreter satisfied due process requirements (*see Matter of Ramon C.*, 261 AD2d 205; *see also Matter of James Carton K.*, 245 AD2d 374, 378, *lv denied* 91 NY2d 809).

While the record supports Family Court's determination that

petitioner exercised diligent efforts to strengthen the parent-child relationship and to reunite the family, it also demonstrates the existence of circumstances sufficient to excuse such efforts (see Social Services Law § 384-b [7] [a]; Family Ct Act § 614 [1] [c]; Matter of Sheila G., 61 NY2d 368, 383 n 5) and establishes that respondent permanently neglected the subject children by failing to plan for their future. Petitioner attempted to arrange visitation between the incarcerated respondent and the children until it was notified that it was prevented from doing so due to the temporary order of protection in effect. Despite the lack of visitation, petitioner communicated with respondent, sending him photographs of the children and keeping him informed of their progress. Respondent was also informed of the steps necessary to regain custody of the children. In any event, a prior finding by Family Court that respondent had abused the subject children, together with respondent's conviction for second-degree assault of his stepson and subsequent orders of protection directing respondent to stay away from one of the subject children, made it excusable for the agency to refrain from attempting to reunite the family (see Matter of Kasey Marie M., 292 AD2d 190; Matter of Jamal B., 287 AD2d 898, 901-902, lv denied 97 NY2d 609). Although the orders of protection only referred to one of the children, the victim of direct abuse, petitioner cannot be faulted for not arranging visitation with the other child, who had been found to have been derivatively abused while living in the abusive home.

The record supports the court's determination that the best interests of the children required that respondent's parental rights be terminated (see Family Ct Act § 631; Matter of Star Leslie W., 63 NY2d 136, 147-148; Matter of Shaka Efion C., 207 AD2d 740). Concur—Tom, J.P., Saxe, Ellerin, Lerner and Marlow, JJ.