■ In the Matter of Rayshawn R. and Another, Children Alleged to be Neglected. Katie T., Appellant; Administration for Children's Services, Respondent. [765 NYS2d 872] —Orders of disposition, Family Court, New York County (Sara Schechter, J.), entered on or about May 22, 2000 and June 5, 2000,

respectively, which, to the extent appealed from, released Jerome T. to the custody of his father and placed Rayshawn R. with petitioner Administration for Children's Services for a period of 10 months, upon a fact-finding determination that respondent grandmother neglected Jerome T. and derivatively neglected Rayshawn R., unanimously affirmed, without costs.

The court's findings of neglect, both primary as to Jerome T. and derivative as to Rayshawn R., against respondent grandmother, the legal guardian of Jerome T., were amply supported by the record. Petitioner proved by a preponderance of the evidence that respondent knew or should have known that the child's mother was inflicting excessive corporal punishment on Jerome, and that respondent failed to take any steps to protect him (*see e.g. Matter of Kimberly M.*, 262 AD2d 237 [1999]; *Matter of Eddie E.*, 219 AD2d 719 [1995]). Jerome's statements were sufficiently corroborated by the testimony of the caseworker, by reports made by school officials, by reports prepared by medical professionals, by photographs taken of Jerome's injuries and by respondent's own admission to the caseworker that she had bathed the child the morning after the beating (*see Matter of Nicole V.*, 123 AD2d 97 [1987], *affd* 71 NY2d 112 [1987]). Petitioner also established that respondent misused alcohol (*see Matter of Megan G.*, 291 AD2d 636 [2002]). Concur—Sullivan, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.