■ In the Matter of MILAN N. and Another, Children Alleged to be Permanently Neglected. LUCIA N., Appellant; SCO FAMILY OF SERVICES et al., Respondents. [846 NYS2d 18]—

Orders of disposition, Family Court, Bronx County (Allen G. Alpert, J.), entered on or about March 15, 2006, which, upon findings of permanent neglect, terminated respondent mother's parental rights to the subject children and committed custody and guardianship of the children to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The court properly determined that under the circumstances presented, petitioner agency was excused from its usual obligation to encourage the parental relationship inasmuch as further efforts to reunite the family would not be in the best interests of the children. These circumstances included allegations against the mother of sexual abuse involving the two young children, an order of protection requiring the mother to stay away from her daughter, a court order denying the mother's request for visitation, the mother's conviction for endangering the welfare of a child, and a report by a mental health expert who concluded that contact between the mother and children would be detrimental to the emotional well-being of the children (Social Services Law 384-b [7] [a]; *Matter of Joseluise Juan M.*, 302 AD2d 219 [2003], *lv denied* 100 NY2d 508 [2003]; *Matter of Kasey Marie M.*, 292 AD2d 190 [2002]). The findings of permanent neglect were supported by clear and convincing evidence. The mother's denial of accountability established that she failed to gain insight into the cause of her children's extended placement in foster care and thus, failed to plan meaningfully for their future (*see Matter of Alpacheta C.*, 41 AD3d 285 [2007]; *Matter of Galeann F.*, 11 AD3d 255 [2004], *lv denied* 4 NY3d 703 [2005]).

The court properly concluded that it was in the children's best interests to terminate the mother's parental rights so as to facilitate the children's adoption by their foster mother with whom they have a close relationship, have lived with for the majority of their lives, and who has tended to the children's emotional and psychological needs (*see Matter of Taaliyah Simone S.D.*, 28 AD3d 371 [2006]). The circumstances presented do not warrant a suspended judgment. Concur—Saxe, J.P., Friedman, Sweeny, McGuire and Malone, JJ.