■ In the Matter of EUGENE L. JR., a Child Alleged to be Neglected. JULIANNA H. et al., Appellants; NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [921 NYS2d 61]—

Order of disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about March 6, 2009, which, upon a fact-finding that respondents neglected their child, placed the child in petitioner's custody pending the completion of the next scheduled permanency hearing, unanimously affirmed, without costs.

The finding of neglect was supported by a preponderance of the evidence (Family Ct Act § 1046 [b] [i]). Undisputed evidence established that police officers, acting under a warrant, recovered a large quantity of cocaine (1½ ounces), empty ziplock bags and $1,451 from respondents' residence while respondents' three-month-old child was present.

The officer who testified also stated that two undercover buys had taken place in the apartment before the search. Although that testimony is hearsay, neither respondent objected to it and the statement was elicited on cross-examination. In view of this additional testimony, and, drawing the strongest inference the opposing evidence permits against respondents on account of their failure to testify (*see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79 [1995]), we conclude that either both respondents engaged in the sale of cocaine in the apartment or one of them did with the knowledge of the other. Thus, the evidence demonstrates such an impaired level of parental judgment as to permit the requisite finding of an imminent danger to the three-month-old child's physical, mental or emotional condition (*see* Family Ct Act § 1012 [f] [i]; *Matter of Andrew DeJ. R.*, 30 AD3d 238 [2006]; *Matter of Michael R.*, 309 AD2d 590 [2003]). Concur—Tom, J.P., McGuire, Moskowitz, Acosta and Freedman, JJ.