■ In the Matter of JOSEPH C. and Another, Children Alleged to be Neglected. ANTHONY C., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [931 NYS2d 44]—

A neglected child is defined as a child less than 18 years of age whose physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent to exercise a reasonable degree of minimal care in providing the child with proper supervision or guardianship (Family Ct Act § 1012 [f] [i]). In this instance, the neglect finding was based on the court's conclusion that respondent unreasonably inflicted or allowed to be inflicted harm, or a substantial risk thereof, through the infliction of excessive corporal punishment (*see* Family Ct Act § 1012 [f] [i] [B]).

Here, a preponderance of the evidence credited by the court supports its finding that respondent neglected his stepson by inflicting excessive corporal punishment on him (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Syed I.*, 61 AD3d 580 [2009]). Respondent admitted that he punished his stepson by requiring him to hold himself in a "push-up" position and kneel on uncooked grains of rice for extended periods of time. We agree with the court's finding that these actions are not "appropriate forms of discipline." Furthermore, to the extent respondent asserts that his actions did not cause his stepson any physical, emotional, or mental injury, we note that the absence of actual injury does not preclude a finding of neglect (*see Matter of Tammie Z.*, 105 AD2d 463, 464 [1984], *affd* 66 NY2d 1 [1985]).

The derivative finding of neglect of respondent's biological son was proper as respondent's inappropriate and excessive corporal punishment of his 11-year-old stepson clearly demonstrated a sufficiently faulty understanding of his parental duties to warrant an inference of an ongoing danger to the approximately two-year-old child as this Court did in *Matter of Syed I.* (61 AD3d 580 [2009], *supra*).

However, unlike *Syed I.*, where we noted that the mother was aware of the father's deteriorating mental health and that she could not protect the children when he hit them, respondent here has admitted that this was "not his finest parenting moment," demonstrating an appreciation of Family Court's conclusion that the punishments were grossly disproportionate to the offenses committed by his stepson. Furthermore, we take judicial notice of the fact that respondent's biological son has been returned to his care following respondent's satisfactory

completion of a six-month period of Administration for Children's Services supervision. Nonetheless, we are reluctant to set aside the dispositions and credibility determinations of the Family Court. However, we urge the agency to evaluate any future complaints of abuse or neglect concerning the biological son, should there be any, on their own merits and not to be unduly influenced by the existing derivative neglect finding.

We have considered respondent's remaining contentions and find them unavailing. Concur—Saxe, J.P., Friedman, Acosta, DeGrasse and Abdus-Salaam, JJ.