■ In the Matter of JARED M. and Another, Children Alleged to be Neglected. ERNESTO C., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [952 NYS2d 123]—

The finding of neglect was supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). The record shows that police responded to complaints of marijuana use in the apartment building where respondent lived with his girlfriend

and her two young children. A detective, upon smelling a strong odor of marijuana emanating from respondent's apartment, knocked on the door, and when respondent answered, the detective saw marijuana in plain view. Following respondent's arrest, a search of the apartment recovered large amounts of marijuana located throughout the home, including over 130 individual packages of the substance.

Under the circumstances, the court properly found that respondent's conduct posed an imminent danger to the children's physical, mental and emotional well-being (*see* Family Ct Act § 1012 [f] [i]; *Matter of Eugene L. [Julianna H.]*, 83 AD3d 490 [1st Dept 2011]; *Matter of Michael R.*, 309 AD2d 590 [1st Dept 2003]). There is no basis to disturb the court's evaluation of the evidence, including its credibility determinations (*see Matter of Ilene M.*, 19 AD3d 106 [1st Dept 2005]). The fact that the children were not home at the time of respondent's arrest does not warrant a different determination. Concur—Tom, J.P., Mazzarelli, Catterson, Renwick and DeGrasse, JJ.