■ In the Matter of Gabriel J. and Another, Children Alleged to be Neglected. O'Neill H. et al., Appellants; Administration for Children's Services, Respondent. [952 NYS2d 521]—

The findings of neglect were supported by a preponderance of the evidence showing that respondent boyfriend had inflicted excessive corporal punishment on the children (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]), and that respondent mother knew or should have known about the abuse but failed to take any steps to protect her children (*see Matter of Rayshawn R.*, 309 AD2d 681, 682 [1st Dept 2003]; *Matter of Alena O.*, 220 AD2d 358, 362 [1st Dept 1995]). The children's out-of-court statements that the mother's boyfriend, among other things, kicked the youngest child in the groin area, leaving a bruise, were corroborated by medical records and the mother's testimony that she observed the bruise the day after the incident (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Naomi J. [Damon R.]*, 84 AD3d 594 [1st Dept 2011]; *Matter of Charnel T.*, 49 AD3d 427 [1st Dept 2008]). The court was entitled to draw the strongest possible inference the opposing evidence permits against the boyfriend due to his failure to testify (*see Matter of Eugene L. [Julianna H.]*, 83 AD3d 490 [1st Dept 2011]). Further, there is no basis for disturbing the court's evaluation of the evidence, including its credibility determinations (*see Matter of Ilene M.*, 19 AD3d 106, 106 [1st Dept 2005]).

We have considered respondents-appellants' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.