*544 The findings of neglect were supported by a preponderance of the evidence showing that respondent boyfriend had inflicted excessive corporal punishment on the children (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]), and that respondent mother knew or should have known about the abuse but failed to take any steps to protect her children (see Matter of Rayshawn R., 309 AD2d 681, 682 [1st Dept 2003]; Matter of Alena O., 220 AD2d 358, 362 [1st Dept 1995]). The children’s out-of-court statements that the mother’s boyfriend, among other things, kicked the youngest child in the groin area, leaving a bruise, were corroborated by medical records and the mother’s testimony that she observed the bruise the day after the incident (see Family Ct Act § 1046 [a] [vi]; Matter of Naomi J. [Damon R.], 84 AD3d 594 [1st Dept 2011]; Matter of Charnel T., 49 AD3d 427 [1st Dept 2008]). The court was entitled to draw the strongest possible inference the opposing evidence permits against the boyfriend due to his failure to testify (see Matter of Eugene L. [Julianna H.], 83 AD3d 490 [1st Dept 2011]). Further, there is no basis for disturbing the court’s evaluation of the evidence, including its credibility determinations (see Matter of Ilene M., 19 AD3d 106, 106 [1st Dept 2005]).
We have considered respondents-appellants’ remaining arguments and find them unavailing. Concur — Gonzalez, P.J., Sweeny, Acosta, Renwick and Manzanet-Daniels, JJ.