■ In the Matter of MIA B. and Another, Children Alleged to be Neglected. BRANDY R., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [955 NYS2d 15]—

Order, Family Court, New York County (Susan K. Knipps, J.), entered on or about April 25, 2012, which, after a fact-finding determination that respondent mother had neglected one of her children by inflicting excessive corporal punishment and derivatively neglected the other child, placed the children with petitioner Administration for Children's Services, and, inter alia, continued suspension of her visitation with the children, unanimously affirmed, without costs.

The findings of neglect were supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]; *Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]). The record shows that respondent neglected the older child by inflicting excessive corporal punishment upon her (*see* Family Ct Act § 1012 [f] [i] [B]; *see also e.g. Matter of Joseph C. [Anthony C.]*, 88 AD3d 478, 479 [1st Dept 2011]), as evidenced by the hospital records and oral report transmittals documenting the 22-month-old infant's extensive bruising on the legs, buttocks, elbow, and lumbar area, all of which were in various stages of healing. Respondent's sister testified that after observing the bruises, she confronted respondent, who stated, "[T]hese are my kids and I raise them the way I want. If they act up[,] I'm going to hit them." Under this scenario, the court properly inferred that respondent had implicitly admitted to causing the injuries, and her failure to testify and otherwise explain the statement permitted the court to draw the strongest possible negative inference against her (*see Matter of Eugene L. [Julianna H.]*, 83 AD3d 490 [1st Dept 2011]; *Matter of Kazmir K.*, 63 AD3d 522, 523 [1st Dept 2009]). The Family Court was in the best position to observe and assess witness demeanor, and its credibility determinations are entitled

to deference (*see Matter of Jared S. [Monet S.]*, 78 AD3d 536 [1st Dept 2010], *lv denied* 16 NY3d 705 [2011]) and are supported by the record herein. Moreover, a derivative finding as to the younger child was appropriate, as respondent's infliction of excessive corporal punishment on a 22-month-old "demonstrated such an impaired level of parental judgment as to create a substantial risk of harm for any child in [her] care" (*see Matter of Joshua R.*, 47 AD3d 465, 466 [1st Dept 2008], *lv denied* 11 NY3d 703 [2008]).

The court was well within its discretion to disbelieve respondent's subsequent explanation to the agency's caseworker that she had not been present in the home for three days leading up to the older child's most recent injuries, and that her mother was the children's primary caretaker and, thus, the likely culprit. The caseworker further testified that respondent admitted that she knew of the grandmother's history of child mistreatment and claimed that the grandmother had not taken her medication for bipolar disorder for the previous month. Thus, assuming the veracity of respondent's claims, she had to have known or should have known about the neglect, since the various stages of healing of the child's injuries indicated neglect over a prolonged period of time, yet she failed to act as a reasonably prudent parent to protect the children (*see e.g. Matter of Rayshawn R.*, 309 AD2d 681, 682 [1st Dept 2003]; *Matter of Eric J.*, 223 AD2d 412, 413 [1st Dept 1996]).

In addition, respondent's argument that the court should not have granted her application to proceed pro se at the fact-finding and dispositional hearings is without merit, since the record shows that the court conducted a searching inquiry to assure that she knowingly, intelligently, and voluntarily waived her right to counsel (*see Matter of Jetter v Jetter*, 43 AD3d 821, 822 [2d Dept 2007]). There is nothing in the record indicating that she was not competent to make such a decision (*see Matter of Emma L.*, 35 AD3d 250, 252 [1st Dept 2006], *lv dismissed and denied* 8 NY3d 904 [2007]).

We further find that the court's suspension of respondent's supervised visitation was appropriate, given her refusal to undergo a mental health evaluation and other services, as well as her erratic behavior, including an attempt to take the children from the foster mother at her last scheduled visit (*see e.g. Matter of Cheyenne S.*, 11 AD3d 362 [1st Dept 2004]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, De-Grasse, Román and Gische, JJ.