■ In the Matter of DAYANARA V. and Others, Children Alleged to be Abused and/or Neglected. CARLOS V. et al., Appellants; NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [955 NYS2d 566]—

The findings of abuse and neglect against the father were supported by a preponderance of the evidence (see Family Ct Act § 1046 [b] [i]). At the fact-finding hearing, the eldest child testified that while the father was drunk, he sexually abused her on three occasions when she was 13 years old, and this was corroborated by the testimony of a caseworker and a pediatric specialist, who indicated that she told them similar accounts. The eldest child was subjected to extensive cross-examination, and the court credited her testimony. There exists no basis to disturb the court's credibility determinations (see Matter of Jared S. [Monet S.], 78 AD3d 536 [1st Dept 2010], lv denied 16 NY3d 705 [2011]).

The eldest child also testified that as punishment for continuing to see a boyfriend that her parents did not approve of, the father punched her in the stomach and had her sibling punch her in the eye, causing bruises. Such conduct constituted excessive corporal punishment and thus, neglect (see Family Ct Act § 1012 [f] [i] [B]; Matter of Joseph C. [Anthony C.], 88 AD3d 478 [1st Dept 2011]). Moreover, the findings of derivative abuse and neglect against the father as to the younger children were appropriate. The father's actions evinced such a fundamental defect in parenting as to place the other children in substantial risk of harm (see Matter of Joshua R., 47 AD3d 465 [1st Dept 2008], lv denied 11 NY3d 703 [2008]).

The court erred in finding that the mother abused the eldest child and derivatively abused the younger children by allowing the eldest child to be sexually abused. The child testified that she only informed the mother of the abuse when the mother interrupted the last abusive incident, after which the mother engaged in a argument with the father, who never again abused the child.

However, the mother never reported the father's conduct, nor did she have the father removed from the home, which placed all of the children in imminent risk of harm from the father's sexual compulsion, which was fueled by alcohol abuse. Accordingly, the findings of neglect and derivative neglect were supported since she did not act as a reasonably prudent parent to protect the children from this risk (see e.g. Matter of Rayshawn R., 309 AD2d 681 [1st Dept 2003]; Matter of Eric J., 223 AD2d 412, 413 [1st Dept 1996]). Concur—Saxe, J.P., Friedman, Acosta, Renwick and Freedman, JJ.