— Order of disposition, Family Court, Bronx County (Monica Drinane, J.), entered on or about May 30, 2012, which, upon a fact-finding determination that appellant mother had neglected the subject children, transferred custody of them to petitioner until the next permanency hearing, and directed her to comply with drug treatment at VIP and participate in family therapy with one of the children, unanimously affirmed, insofar as it brings up for review the fact-finding determination, and the appeal therefrom otherwise dismissed, without costs, as moot. Appeal from fact-finding order of the same court and Judge entered on or about April 25, 2012, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The court properly found that the mother had neglected the subject children through the infliction of excessive corporal punishment on them, based on the testimony of the caseworker and the hospital records, which indicated that she hit one of the children in the face on one occasion, and hit him with metal bed poles, after a visit from the caseworker. The children’s statements concerning the mother’s conduct were corroborated by the caseworker’s observation of a scratch on one child’s jaw, and *435 the hospital records (see Matter of Nicole V., 71 NY2d 112, 117-118 [1987]).
The court properly drew a negative inference from the mother’s failure to testify (see Matter of Rosemary V. [Jorge V.], 103 AD3d 484 [1st Dept 2013]). ACS could not have requested that the court draw a negative inference against the mother until after she rested her case.
The court properly concluded, based on the mother’s excessive corporal punishment directed at her son, that she had derivatively neglected her daughter (see Matter of Joseph C. [Anthony C.], 88 AD3d 478, 479 [1st Dept 2011]). Concur — Tom, J.P., Andrias, Friedman, Freedman and Clark, JJ.