Sweeny, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.

■ Helen Dardzinska, Respondent, v City of New York et al., Appellants. [998 NYS2d 358]—

Order, Supreme Court, New York County (Kathryn Freed, J.), entered February 14, 2014, which granted petitioner's application for leave to file a late notice of claim upon respondents, unanimously reversed, on the law and the facts, without costs, the application denied, and the petition dismissed.

While no one factor is controlling, here petitioner failed to establish any of the relevant statutory factors that would warrant leave to serve a late notice of claim (General Municipal Law § 50-e [5]; *Matter of Kelley v New York City Health & Hosps. Corp.*, 76 AD3d 824 [2010]). Petitioner failed to make an adequate showing, via medical or other evidence, that her claimed injuries prevented her from timely filing a notice of claim (*see Matter of Rivera v New York City Hous. Auth.*, 25 AD3d 450 [1st Dept 2006]). That this is true is underscored by the fact that she was able to file a report with her employer within 90 days of her accident (*see Matter of Casale v City of New York*, 95 AD3d 744 [1st Dept 2012]).

It is undisputed that respondents did not acquire actual knowledge of the facts and circumstances constituting the claim within the statutory 90-day service period, or a reasonable time thereafter, and there has been no showing that a defense on the merits would not be prejudiced by the late service (*id.*; *Matter of Rivera*, 25 AD3d at 451). Concur—Sweeny, J.P., DeGrasse, Manzanet-Daniels, Feinman and Gische, JJ.

■ The People of the State of New York, Respondent, v Gilberto G., Appellant. [997 NYS2d 96]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Carol Berkman, J.), rendered on or about August 1, 2012, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Mazzarelli, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.

■ In the Matter of David R. and Others, Infants. Carmen R. et al., Appellants; Administration for Children's Services, Respondent. [998 NYS2d 182]—

Order of disposition, Family Court, Bronx County (Jeanette Ruiz, J.), entered on or about May 28, 2013, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about October 5, 2011, which found that respondent Jose R., a person legally responsible for the subject children, sexually abused Silvette V., inflicted excessive corporal punishment on Silvette V. and Yaniel V., and derivatively neglected the other three children, and that respondent Carmen R. neglected the subject children, unanimously affirmed, without costs. Appeals from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.

The findings of abuse and neglect against Jose R. were supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). At the fact-finding hearing, the children's grandmother and an agency caseworker testified that then five-year-old Silvette had consistently reported that Jose had touched her private parts and kissed her inappropriately. The Family Court properly determined that the child's out-of-court statements were sufficiently corroborated by the testimony of her uncle, who witnessed one incident in which Jose inappropriately placed the child's head in his crotch area (*see Matter of Nicole V.*, 71 NY2d 112, 117-118 [1987]). The court found the uncle to be a credible witness, and there exists no basis to disturb the court's credibility determinations (*see Matter of Jared S. [Monet S.]*, 78 AD3d 536 [1st Dept 2010], *lv denied* 16 NY3d 705 [2011]). Although repetition by the child of the same allegations does not provide corroboration for the out-of-court statements, the consistency of her reported statements enhances their credibility (*Matter of Nicholas J.R. [Jamie L.R.]*, 83 AD3d 1490, 1490-1491 [4th Dept 2011], *lv denied* 17 NY3d 708 [2011]). Further, Jose's decision not to testify warrants a negative inference against him (*see Matter of Eugene L. [Julianna H.]*, 83 AD3d 490 [1st Dept 2011]).

The finding of excessive corporal punishment against Jose was supported by testimony that Silvette reported that Jose had punched her in the head, and that the oldest child reported that Jose had struck four-year-old Yaniel with a hanger, leaving a red line on his arm. These out-of-court statements by the siblings provide cross-corroboration of excessive use of force by Jose against Silvette and Yaniel, and the statements were further corroborated by the grandmother's testimony that she saw Silvette crying and rubbing her head after the incident, and saw

the mark on Yaniel's arm (*see Matter of Nicole V.*, 71 NY2d at 117-119; *Matter of Devante S.*, 51 AD3d 482 [1st Dept 2008]; *Matter of Joshua B.*, 28 AD3d 759, 761 [2d Dept 2006]). Under the circumstances, Jose's conduct constituted excessive corporal punishment (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Joseph C. [Anthony C.]*, 88 AD3d 478, 479 [1st Dept 2011]).

The findings of derivative neglect against Jose as to the other children were appropriate, since his behavior evinced such an impaired level of judgment as to create a substantial risk of harm to the other children (*see Matter of Joshua R.*, 47 AD3d 465, 466 [1st Dept 2008], *lv denied* 11 NY3d 703 [2008]).

The findings of neglect against the mother were supported by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). The record shows that the mother knew of Jose's treatment of the children, but dismissed the allegations of sexual and physical abuse, and continued to show loyalty to Jose, without concern for the children (*see e.g. Matter of Rayshawn R.*, 309 AD2d 681, 682 [1st Dept 2003]; *Matter of Eric J.*, 223 AD2d 412, 413 [1st Dept 1996]). Concur—Mazzarelli, J.P., Renwick, Andrias, Saxe and Kapnick, JJ.