■ In the Matter of NINOSHKA M. and Others, Children Alleged to be Neglected. LIZ R., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [4 NYS3d 201]—

Orders of disposition, Family Court, Bronx County (Linda B. Tally, J.), entered on or about August 19, 2013, to the extent they bring up for review a fact-finding order, same court (Gayle P. Roberts, J.), which, after a hearing, determined that respondent mother neglected her four children, unanimously modified, on the law, to vacate the neglect finding as to Moises M., and otherwise affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeals from the order of disposition.

Although the evidence does not support a finding that respondent mother was engaged in illicit gun trading, the Family Court's finding of neglect is supported by a preponderance of the evidence, which established that respondent was storing illegal guns in the home where the children, including two teenagers, had access to them, thus showing impaired parental judgment (*see Matter of Kevin N. [Richard D.]*, 113 AD3d 524, 524 [1st Dept 2014]; *Matter of Fernando S.*, 63 AD3d 610 [1st Dept 2009]). This determination is supported by respondent's admission that she kept guns in the home, her brother's testimony that he saw her taking a gun he believed was loaded from four men to store in the home while three of the children were present, and by the teenage daughter's out-of-court statements that her mother stored guns in the home, making her feel unsafe, and that her mother did not object when she held one of the guns.

Contrary to respondent's contentions, the Family Court properly found respondent's daughter's out-of-court statements to be sufficiently corroborated by respondent's own admission as well as respondent's brother's testimony concerning his personal observations (*see Matter of Nicole V.*, 71 NY2d 112, 119 [1987]; *Matter of Peter G.*, 6 AD3d 201, 203 [1st Dept 2004], *appeal dismissed* 3 NY3d 655 [2004]; Family Ct Act § 1046 [a] [vi]). While the mere repetition by the daughter of the same statement to her uncle and the ACS caseworker is not in itself

corroboration, the Family Court was entitled to rely on the consistency of her statements in deeming them credible (*Matter of David R. [Carmen R.]*, 123 AD3d 483, 484 [1st Dept 2014]). The court properly drew the "strongest possible negative inference" from respondent's failure to testify or offer any evidence (*see e.g. Matter of Mia B. [Brandy R.]*, 100 AD3d 569, 569 [1st Dept 2012], *lv denied* 20 NY3d 858 [2013]).

Finally, since the neglect petition regarding Moises M. was dismissed on May 16, 2012, when he turned 18 years old, there was no basis for entering a finding of neglect as to him (*see* Family Ct Act § 1012 [f]). Concur—Gonzalez, P.J., Mazzarelli, Acosta, Moskowitz and DeGrasse, JJ.