■ In the Matter of NEAMIAH HARRY-RAY M., an Infant. DONNA MARIE M., Also Known as DONNA MARIE B., Appellant; EPISCOPAL SOCIAL SERVICES, Respondent. [4 NYS3d 502]—

Order, Family Court, New York County (Jane Pearl, J.), entered on or about October 15, 2013, which, to the extent appealed from as limited by the briefs, upon a fact-finding determination that respondent mother had permanently neglected the subject child, terminated the mother's parental rights and transferred custody and guardianship of the child to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

There was clear and convincing evidence that the agency made diligent efforts to reunite the mother with the child (*see* Social Services Law § 384-b [7] [a], [f]). An agency caseworker testified that she provided the mother with referrals for services, scheduled and conducted conferences to assist the mother in complying with the service plan, offered to provide the

mother with a bus ticket to visit the child after she moved out of state, and repeatedly reminded the mother of what was necessary in order to have the child returned to her (*see Matter of Natasha Denise B. [Montricia Denise C.]*, 104 AD3d 457 [1st Dept 2013]). Despite these efforts, the evidence shows that the mother declined to visit the child and made no meaningful effort to complete the service plan (*id.*).

The mother's due process rights were not violated by the court's decision denying her permission to testify via telephone under the circumstances of this case. The right to be present at a fact-finding or dispositional hearing is not absolute (*see Matter of Ramon David W.*, 290 AD2d 357, 357 [1st Dept 2002]), and the court properly determined that the mother's credibility would be difficult to determine via telephone. The court had provided the mother with a two-month adjournment at her request to enable her to obtain bus fare to attend the proceedings and even indicated a willingness to consider, as an alternative, letting the mother testify via video conferencing from a local library or other location.

Consequently, the court properly denied the mother's request for another adjournment, especially since the child had been in foster care for almost three years (*see Matter of James Carton K.*, 245 AD2d 374, 377-378 [2d Dept 1997], *lv denied* 91 NY2d 809 [1998]). In addition, the mother was permitted to listen to the proceedings by telephone, and she was represented by counsel, who actively participated in the proceedings (*see Matter of Joseluise Juan M.*, 302 AD2d 219, 219 [1st Dept 2003], *lv denied* 100 NY2d 508 [2003]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Feinman and Gische, JJ.