Matter of Tyjaa E. (Kareem McC.--Crystal E.) (2018 NY Slip Op 00019)





Matter of Tyjaa E. (Kareem McC.--Crystal E.)


2018 NY Slip Op 00019


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Manzanet-Daniels, J.P., Mazzarelli, Andrias, Gesmer, Oing, JJ.


5334

[*1]In re Tyjaa E. and Another, Dependent Children Under Eighteen Years of Age, etc., Kareem McC., Respondent-Appellant, Crystal E., Respondent, The Administration for Children's Services, Petitioner-Respondent.


Bruce A. Young, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Carolyn Walther of counsel), for respondent.
Richard L. Herzfeld, P.C., New York (Richard L. Herzfeld of counsel), attorney for the children.



Order of fact-finding and disposition (one paper) of the Family Court, Bronx County (Robert D. Hettleman, J.), entered on or about January 18, 2017, insofar as it determined, after a hearing, that respondent-father neglected one of the subject children and derivatively neglected the other, unanimously affirmed, without costs.
The findings of neglect are supported by a preponderance of the competent evidence (see Family Ct Act § 1046[b][i], [iii]; see also Matter of Daphne G., 308 AD2d 132, 135 [1st Dept 2003]). The record shows that the older child was subject to actual or imminent danger of injury or impairment of her emotional and mental condition from exposure to repeated incidents of domestic violence occurring in respondents' small shelter apartment, including the precipitating incident, during which the father choked, kicked and stomped on the mother's stomach, while she was pregnant with the younger child, in close proximity to the older child (see Matter of Carmine G. [Franklin G.], 115 AD3d 594 [1st Dept 2014]; Matter of Angie G. [Jose D.G.], 111 AD3d 404, 404-405 [1st Dept 2013]). Since the conduct that formed the basis for the finding of neglect as to the older child was proximate in time to the younger child's birth, it can reasonably be concluded that the condition still existed (see Matter of Jamarra S. [Jessica S.], 85 AD3d 803 [2d Dept 2011] [citations omitted]).
The medical records which included statements regarding domestic violence were properly admitted (see People v Ortega, 15 NY3d 610, 619 [2010]), and accorded the proper weight (see Matter of Miguel S., 140 AD2d 202 [1st Dept 1988]). Further, the Family Court's credibility determinations are entitled to deference on appeal and are supported by the record on appeal (see Matter of Irene O., 38 NY2d 776, 777-778 [1975]; Matter of Aaron C. [Grace C.], 105 AD3d 548 [1st Dept 2013]).
Contrary to the father's arguments, the court's rulings were proper, and the denial of his general requests for adjournments were a provident exercise of the court's discretion (see Matter of Steven B., 6 NY3d 888, 889 [2006]; Matter of Anthony M., 63 NY2d 270, 283-284 [1984]; CPLR 4011).
The father was afforded due process and was not deprived of the effective assistance of counsel (see People v Benevento, 91 NY2d 708, 712-714 [1998]; People v Baldi, 54 NY2d 137, [*2]146-147 [1981]). The father's contention that he did not have sufficient opportunity to confer with trial counsel is unpreserved (see People v Garay, 25 NY3d 62, 67 [2015], cert denied 136 S Ct 501 [2015]), and unsupported. The court's rulings limiting the scope of questioning at trial was likewise a provident exercise of discretion. The court properly proceeded to disposition in the
absence of objection (see Matter of Kasey Marie M., 292 AD2d 190 [1st Dept 2002]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK