Matter of Elijah T. (Clayton T.) (2019 NY Slip Op 05486)





Matter of Elijah T. (Clayton T.)


2019 NY Slip Op 05486


Decided on July 9, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 9, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Gesmer, Kern, JJ.


9829A 9829

[*1] In re Elijah T. and Another, Children Under Eighteen Years of Age, etc., Clayton T., Respondent-Appellant, Administration for Child Services, Petitioner-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Susan Paulson of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Judith Stern of counsel), attorney for the children.



Order of disposition, Family Court, New York County (Michael R. Milsap, J.), entered on or about September 13, 2018, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about July 11, 2018, which found that respondent father neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of neglect is supported by a preponderance of the evidence (see Family Ct Act § 1012[f][i][B]). The record shows that the father engaged in a severe act of domestic violence against the mother by repeatedly punching and kicking her arms, back, and face, while the children were nearby (see Matter of O'Ryan Elizah H. [Kairo E.], 171 AD3d 429 [1st Dept 2019]; Matter of Moises G. [Luis G.], 135 AD3d 527 [1st Dept 2016]). Because of the father's violent actions, the mother went immediately to the hospital to seek treatment and, the children, who were ages two and four, were left without supervision. Furthermore, the court properly drew "the strongest possible negative inference" from the father's failure to testify or offer any evidence (Matter of Mia B. [Brandy R.], 100 AD3d 569, 569 [1st Dept 2012], lv denied 20 NY3d 858 [2013]; see Matter of Ninoshka M. [Liz R.], 125 AD3d 567, 568 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 9, 2019
CLERK