Matter of Matthew C. (Joshua L.) (2020 NY Slip Op 02876)





Matter of Matthew C. (Joshua L.)


2020 NY Slip Op 02876


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Friedman, J.P., Gische, Kapnick, González, JJ.


11512 -85/15

[*1] In re Matthew C., and Others, Children Under Eighteen Years of Age, etc., Joshua L., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Steven N. Feinman, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Mackenzie Fillow of counsel), for respondent.
Larry S. Bachner, New York, attorney for the child Cecily J.
Kenneth M. Tuccillo, Hastings on Hudson, attorney for the children Xavier C. and Matthew C.



Order of fact-finding, Family Court, Bronx County (Valerie A. Pels, J.), entered on or about March 2, 2017, which determined, after a hearing, that respondent was a person legally responsible for the subject children, neglected the oldest child, and derivatively neglected her three siblings, unanimously affirmed, without costs.
The record supports the Family Court's determination that at the relevant times, respondent was a person legally responsible for the children, because he had resided in the home with them for a year, cared for them and assumed other household and parental duties (see Matter of Yolanda D., 88 NY2d 790 [1996]; Matter of Keoni Daquan A. [Brandon W.- April A.], 91 AD3d 414 [1st Dept 2012]). His contention that he had no relationship with the children was rebutted not only by the mother's testimony, which the court found credible, but by respondent's own testimony that he visited the children after he and the mother had stopped living together and received family pictures from the oldest child.
The determination that respondent neglected the eldest child is supported by a preponderance of the evidence (see Family Ct Act §§ 1046[b][i]; 1012[e][iii][A]; Matter of Jayden C. [Luisanny A.], 126 AD3d 433 [1st Dept 2015]). The court was in the best position to observe the witnesses and assess their demeanor, and there is no basis to disturb its credibility determinations (see Matter of Ricardo M.J. [Kiomara A.], 143 AD3d 503 [1st Dept 2016]). The evidence supports the finding that respondent neglected the eldest child by requesting her to send him photos of her exposed breasts, which she did, thereby placing her emotional well-being at imminent risk of harm. Contrary to respondent's argument, the court properly found that the child's out-of-court statements were sufficiently corroborated by the testimony of her mother, who saw the photo on the child's phone and recognized respondent's phone number as its recipient (see Matter of David R. [Carmen R.], 123 AD3d 483, 484 [1st Dept 2014]).
The findings of derivative neglect against respondent as to the other children were [*2]supported by the record since his behavior evinced such an impaired level of judgment as to create a substantial risk of harm to the other children (see Matter of Ashley M.V. [Victor V.], 106 AD3d 659, 660 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK