Matter of Ferguson v LeClair (2021 NY Slip Op 00754)





Matter of Ferguson v LeClair


2021 NY Slip Op 00754


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1136 CAF 20-00880

[*1]IN THE MATTER OF LACEY JO FERGUSON, PETITIONER-RESPONDENT,
v
NICHOLAS JOSEPH LECLAIR AND EMILY ROSE WHIPPLE, RESPONDENTS-APPELLANTS. (APPEAL NO. 1.) 






NICHOLAS JOSEPH LECLAIR, RESPONDENT-APPELLANT PRO SE. 
EMILY ROSE WHIPPLE, RESPONDENT-APPELLANT PRO SE.
ROSE T. PLACE, GLENS FALLS, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Warren County (Jeffrey D. Wait, A.J.), entered June 7, 2019 in a proceeding pursuant to Family Court Act article 6. The order, among other things, found respondents in contempt of court. 
It is hereby ORDERED that said appeal insofar as taken by respondent Emily Rose Whipple is unanimously dismissed and the order is affirmed without costs.
Memorandum: In appeal No. 1, respondent father and respondent mother appeal from an order that, among other things, found them in contempt of court for violating a prior order of custody and visitation that, inter alia, awarded petitioner grandmother visitation with the subject children. In appeal No. 2, the father and the mother appeal from an order that, inter alia, dismissed the father's petition to modify the prior order by terminating the grandmother's visitation with the children. Because the mother did not appear at the hearing, she was in default and therefore the appeals to the extent that they are taken by her must be dismissed (see Matter of Whelan v Baron, 165 AD3d 1524, 1524 [3d Dept 2018]; Matter of Roache v Hughes-Roache, 153 AD3d 1653, 1653 [4th Dept 2017]). Relatedly, we reject the father's contention in both appeals that Family Court abused its discretion by precluding the mother from testifying by telephone. Remote testimony is specifically authorized only in certain Family Court proceedings (see e.g. Family Ct Act §§ 433 [c]; 531-a), and the proceedings here are not among them. Although a court has the inherent authority to grant permission to testify remotely (see People v Wrotten, 14 NY3d 33, 36 [2009], cert denied 560 US 959 [2010]; see also Judiciary Law
§ 2-b [3]), here, the court did not abuse its discretion in refusing such permission inasmuch as no excuse was offered for the mother's absence (see Matter of Ian G. [Simon G.], 180 AD3d 474, 475 [1st Dept 2020], lv denied 35 NY3d 910, 911 [2020]) and the court specifically noted that it would be difficult to assess her credibility if she testified in that manner (see Matter of Neamiah Harry-Ray M. [Donna Marie M.], 127 AD3d 409, 410 [1st Dept 2015]).
Contrary to the father's further contention in appeal No. 1, the grandmother established by clear and convincing evidence that " 'a lawful court order clearly expressing an unequivocal mandate was in effect, that [the father] . . . had actual knowledge of its terms, and that the violation . . . defeated, impaired, impeded, or prejudiced the rights of [the grandmother]' " (Matter of Howell v Lovell, 103 AD3d 1229, 1230 [4th Dept 2013]; see Matter of Beesmer v Amato, 162 AD3d 1260, 1261-1262 [3d Dept 2018]). Indeed, the father's testimony alone established that he repeatedly withheld visitation from the grandmother without good cause. In light of that evidence, we reject the father's challenge in appeal No. 1 to the severity of his sentence (see Matter of Rodriguez v Delacruz-Swan, 100 AD3d 1286, 1288 [3d Dept 2012]). [*2]We have reviewed the father's remaining contentions in each appeal and conclude that they do not require reversal or modification of either order.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court