Matter of C.L. (Edward L.) (2023 NY Slip Op 01260)

Matter of C.L. (Edward L.)

2023 NY Slip Op 01260

Decided on March 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2023

Before: Kapnick, J.P., Kern, Gesmer, Singh, Moulton, JJ. 

Docket No. NN-15093/18, NN-15094/18 Appeal No. 17510-17511 Case No. 2020-03968, 2020-04625 

[*1]In the Matter of C.L. and Another Children Under Eighteen Years of Age, etc., Edward L. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Daniel X. Robinson, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the child, Caroline L.
Daniel R. Katz, New York, attorney for the child, Jostin L.

Order of disposition, Family Court, Bronx County (Michael R. Milsap, J.), entered on or about August 26, 2020, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about March 2, 2020, which found that respondent father neglected the subject child, C.L. and derivatively neglected the subject child J.L., unanimously modified, on the law and the facts, to vacate the finding of derivative neglect, and otherwise affirmed, without costs. Appeal by subject child J.L. from the fact-finding order, unanimously dismissed, without costs, as academic.
A preponderance of the evidence supports the determination that the father neglected the subject child C.L. by inflicting excessive corporal punishment, thereby placing the child at imminent risk of physical and emotional harm (see Matter of Paige T. [Kodjo T.], 189 AD3d 563, 564 [1st Dept. 2020]). Even a single incident of excessive corporal punishment can constitute neglect (see Matter of Patrick A. St. M-H [Patrick St. M.], 172 AD3d 603, 604 [1st Dept 2019]). Family Court Act Section 1046(a)(vi) "states a broad flexible rule providing that out-of-court statements [of a child] may be corroborated by '[a]ny other evidence tending to support' their reliability. . . . Family Court Judges presented with the issue have considerable discretion to decide whether the child's out-of-court statements describing incidents of abuse or neglect have, in fact, been reliably corroborated" (Matter of Nicole V., 71 NY2d 112, 118-119 [1987]).
Here, the child's out-of-court statements concerning the incident were corroborated in three respects. First, the father admitted that he caused the bruise on the child's right arm when he grabbed and held her arm tightly as he walked her home from the subway station. Second, the ACS caseworker testified that she observed that the crimson bruise approximately three inches long on the inside of the child's right arm was still visible three days after the incident, indicating the duration and force with which the father grabbed the child. Finally, the medical records entered into evidence further corroborated that the child had a visible bruise on her right arm the day after the incident that continued to cause her pain. In addition, the medical records corroborated the child's statement that the father had grabbed her by the neck so hard that she could not breathe by documenting that she exhibited pain upon inhalation the day after the incident. The records also noted that the child suffered from muscular pain, which corroborated her statement that the father had thrown her against a wall and kicked her. Moreover, while the child's statements to the police and to various hospital staff about the father's additional acts of excessive corporal punishment do not themselves constitute corroboration, Family Court was entitled to rely on the statements' consistency in determining that the child's statements were credible (see Matter of Ninoshka M. [Liz [*2]M.], 125 AD3d 567, 567-568 [1st Dept 2015]).
However, Family Court's determination that respondent derivatively neglected his son J.L. was not supported by a preponderance of the evidence. The finding was based entirely on the excessive corporal punishment of the daughter, which took place outside the home. There was no evidence that respondent's excessive corporal punishment was ever directed at the older child, who was 14 years old at the time, or that he was even aware of the abuse. Furthermore, there was no evidence that the son was at risk of becoming impaired, as he continued to reside with respondent after the petitions were filed (see Matter of Itzel A. [Jose V.], 188 AD3d 478, 479 [1st Dept 2020]). Accordingly, we vacate the finding of derivative neglect as to respondent's son.
The appellant child J.L. is not aggrieved by the finding of derivative neglect against respondent, and, to the extent that J.L. was aggrieved by ACS's three-month supervision of the father, the term has expired (see Matter of Geovany S. [Martin R.], 143 AD3d 578 [1st Dept 2016]). Furthermore, J.L. is now 19 years old, and thus the proceedings are academic as to him (id.). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2023