Matter of A.D. (K.D.)

2026 NY Slip Op 02033

April 2, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of A.D., And Others., Children Under Eighteen Years of Age, etc., K.D. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Decided and Entered: April 02, 2026

Docket No. NN-00050-23, NN-00051-23, NN-00052-23 , NN-00053-23|Appeal No. 6251|Case No. 2024-03351|

Before: Manzanet-Daniels, J.P., Mendez, Pitt-Burke, Higgitt, Hagler, JJ.

Daniel X Robinson, New York, for appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Lauren O'Brien of counsel), for respondent.

Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the children.

[*1]

Order of disposition, Family Court, New York County (Grace Oboma-Layat, J.), entered on or about May 6, 2024, which, to the extent appealed from as limited by the briefs, determined, after a fact-finding hearing, that respondent was a person legally responsible for the children D.A. and K.D., neglected K.D. and the child S.D., and derivatively neglected D.A. and the child A.D., unanimously affirmed, without costs.

Family Court providently determined that respondent was a person legally responsible for K.D. and D.A. during the relevant period (see Matter of Yolanda D., 88 NY2d 790, 796 [1996]). Respondent was in a romantic relationship with their mother for a period of one and a half years and is the father of their half-sibling, S.D. (see Matter of Samantha M., 56 AD3d 299, 300-301 [1st Dept 2008], lv denied 11 NY3d 716 [2009]). Respondent also frequently stayed in the home with the mother and the children, provided for the family financially, and took the children to school and on family outings (see Matter of Matthew C. [Joshua L.], 183 AD3d 457, 457-458 [1st Dept 2020]; Matter of Jayline R. [Jose M.]., 110 AD3d 419, 420 [1st Dept 2013]).

A preponderance of the evidence supports the finding that respondent neglected KD. and S.D. by committing an act of domestic violence against the mother in their presence (see Matter of J.A. [Jermaine M.], 233 AD3d 428, 428 [1st Dept 2024]; Matter of Jermaine K.R. [Jermaine R.], 176 AD3d 648, 649 [1st Dept 2019]). Respondent brandished a firearm and physically assaulted the mother in close proximity to the children, thereby placing their emotional well-being at imminent risk of harm (see Matter of J.A., 233 AD3d at 428; Matter of Jermaine K.R., 176 AD3d at 649). The mother also testified that, after the incident, K.D. was very distressed and appeared scared, which is sufficient to show that his emotional well-being had been impaired by the altercation (see e.g. Matter of Jermaine K.R., 176 AD3d at 649).

The evidence supported the finding of derivative neglect on behalf of A.D. and D.A. because respondent's actions demonstrated such an impaired level of parental judgment as to create a substantial risk of harm to any child in his care (see Matter of Matthew C. [Joshua L.], 183 AD3d 457, 458 [1st Dept 2020]; Matter of Saphire R. [Christopher R.], 219 AD3d 730, 732 [2d Dept 2023]). The fact that D.A. and AD. were not present in the home when the incident occurred does not preclude a finding of
derivative neglect (see Matter of Kaylin P. [Derval S.], 159 AD3d 658, 659 [1st Dept 2018]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 2, 2026