■ In the Matter of ALYSHA M. and Another, Children Alleged to be Neglected. IOWLA M., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [807 NYS2d 21]—

Order, Family Court, New York County (Jody Adams, J.), entered on or about September 5, 2003, which found that appellant Iowla M. had neglected Alysha M., the biological daughter of Mario M., appellant's husband, and derivatively neglected Mustafa M., appellant's biological son, unanimously affirmed, without costs.

A caseworker for the Administration for Children's Services (ACS), the only witness at the fact-finding hearing, testified that she had received a report from a social worker at Alysha's school of excessive corporal punishment by Mario. Upon being interviewed, Alysha told the ACS caseworker that on January 17, 2003 Mario had struck her twice with a belt strap, and that he had hit her with a belt on a prior occasion; medical records and photographs indicated three red welts that could have been caused by a belt strap. The caseworker related that Alysha also stated that appellant was in the home at the time, though not in the same room, and that Alysha did not discuss the incident with appellant, who would hit Alysha on the ear if she did not heed a directive the first time. Mario admitted to the caseworker that he had disciplined Alysha with a belt because she did not flush the toilet. Appellant agreed that the couple had had to reprimand Alysha repeatedly about flushing the toilet, and then asked the caseworker: "Where is it written in New York State law about how you're supposed to discipline your children? We don't maim our children." Neither appellant nor Mario presented any evidence.

The caseworker's testimony, supported by the medical evidence, permitted Family Court to draw the inference that appellant knew about Mario's excessive use of corporal punishment against Alysha, yet failed to take any action to protect the child, which constituted neglect of Alysha and derivative neglect as to Mustafa (see Family Ct Act § 1012 [f]; Matter of Rayshawn R., 309 AD2d 681 [2003]). Appellant's failure to take the stand further permitted the court to draw such an inference (see Matter

*of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73, 79-80 [1995]). Concur—Buckley, P.J., Saxe, Marlow, Ellerin and Williams, JJ.