■ In the Matter of FRANTRAE W. and Another, Children Alleged to be Abused and Neglected. FRED W., Appellant; COMMISSIONER OF ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [845 NYS2d 324]—

Order, Family Court, New York County (Susan K. Knipps, J.),

entered on or about January 24, 2006, which found respondent father to have neglected and abused the children, unanimously affirmed, without costs.

Despite the serious nature of the charges, the Family Court's credibility determinations, based on sharply divergent testimony, are entitled to deference (*see Matter of Benjamin L.*, 9 AD3d 153, 155 [2004]). The record supports the court's findings that appellant abused his older daughter by having sexual intercourse with her in 2003 and 2004. His argument that the older daughter's testimony was received without corroboration is not apt, since the court did not rely exclusively on her out-of-court testimony (*see* Family Ct Act § 1046 [a] [vi]). In any event, the older daughter's testimony was corroborated by that of a treating social worker, and in certain details by respondent stepmother. The record also supports the court's findings that appellant inflicted excessive corporal punishment on the older daughter.

The older daughter's recantation did not invalidate her original testimony outright (*see Matter of Richard SS.*, 29 AD3d 1118, 1123 [2005]). At most, it raised credibility questions as to her testimony (*see Matter of Kayla N.*, 41 AD3d 920, 922-923 [2007]), and the record supports the Family Court's resolution of those questions against crediting the recantation or disregarding the original testimony, based on findings that were made after the court carefully evaluated the child's sworn testimony (*see Matter of Stephanie R.*, 21 AD3d 417 [2005]). Appellant's arguments as to the court's evidentiary rulings are without merit. Concur—Lippman, P.J., Mazzarelli, Marlow, Catterson and Kavanagh, JJ.