■ In the Matter of DEIVI R. and Others, Children Alleged to be Neglected. MARCOS R., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [890 NYS2d 52]—

A preponderance of the evidence supports the finding that respondent neglected Helvis by inflicting excessive corporal punishment upon him (*see* Family Ct Act § 1012 [f] [i] [B]). The record shows that Helvis told the caseworker that he was afraid of respondent since respondent regularly hit him, including in the back with a belt which produced a red mark that lasted for a week, and punched him in the face (*see Matter of Maria Raquel L.*, 36 AD3d 425 [2007]; *Matter of Jason G.*, 3 AD3d 340 [2004],

*lv denied* 2 NY3d 702 [2004]). These out-of-court statements were sufficiently corroborated by the mother, who testified that respondent slapped Helvis' face on several occasions in the presence of the other children, and on one such occasion left a mark that lasted for three days and caused his eye to swell. The mother also reported instances when respondent, upon discovering that Helvis had wet the bed, forced him to wash his clothes and take a shower in cold water (*see* Family Ct Act § 1046 [a] [vi]; *Matter of Nicole V.*, 71 NY2d 112, 118-119 [1987]; *Matter of Corey C.*, 20 AD3d 736 [2005]; *Matter of Sabrina M.*, 6 AD3d 759, 761 [2004]).

Respondent's contention that the mother's corroboration of the child's testimony was insufficient because the mother changed her story, is unavailing. The mother testified that she initially lacked the courage to reveal the truth because she feared respondent and was worried that she would be evicted from her apartment if the violence in the home were revealed. However, according to the mother, during the 10-month interval between the two dates of her testimony she developed the courage to tell the truth since respondent's violence increased and she began to understand the detrimental effects of such violence on her children. The court credited the mother's testimony, and there exists no basis to disturb the court's credibility determinations (*see Matter of Irene O.*, 38 NY2d 776, 777 [1975]).

Respondent's use of excessive corporal punishment against Helvis supports the findings of derivative neglect as to the younger children (*see* Family Ct Act § 1046 [a] [i]; *Matter of Jason G.*, 3 AD3d at 340).

Regarding the orders of protection, in view of the foregoing, the order issued in favor of Helvis should not be disturbed. Furthermore, the appeal from the order issued in favor of Deivi and Marvis is dismissed as moot because the period it was to be in effect has expired (*see Matter of Jamal A. v Valentina V.*, 46 AD3d 389 [2007]). Concur—Gonzalez, P.J., Friedman, McGuire, DeGrasse and Manzanet-Daniels, JJ.