■ In the Matter of ESSENCE S. and Another, Infants. ABBOTT HOUSE, Appellant; JACOBIE S., Respondent, et al., Respondent. [941 NYS2d 842]—

Order, Family Court, Bronx County (Sidney H. Gribetz, J.), entered on or about July 19, 2010, which dismissed the termination of parental rights petitions against respondent mother, Jacobie S., and respondent father, Jeffrey H., unanimously affirmed, without costs.

Petitioner agency failed to meet its burden of establishing by clear and convincing evidence that diligent efforts were made to strengthen the parental bond between the children and respondent mother (Social Services Law § 384-b [7] [a]), since it failed to develop a plan that was tailored to fit her individual circumstances (*see Matter of Sheila G.*, 61 NY2d 368, 385 [1984]). The agency submitted referral letters not addressed to the mother's home address and its sole witness testified regarding events that occurred over two years prior to the proceedings, without benefit of any records of these events, and as to matters outside her personal knowledge. The court was entitled to resolve the conflicting testimony in favor of respondent mother and its credibility determination is entitled to deference (*see Matter of Frantrae W.*, 45 AD3d 412, 413 [2007]).

Moreover, the agency was without authority to unilaterally suspend respondent mother's visitation rights (*see* 18 NYCRR 431.14), and then fault her for not complying with the service plan which included, *inter alia*, visitation (*see Matter of Jesus JJ.*, 232 AD2d 752, 753 [1996], *lv denied* 89 NY2d 809 [1997] [plan must be realistic and tailored to fit a parent's individual situation]).

The court also properly found that the agency failed to meet its burden with respect to respondent father. The record

establishes that the agency met with him on only one occasion (*see Matter of Charmaine T.*, 173 AD2d 625 [1991]). Concur— Mazzarelli, J.P., Catterson, DeGrasse, Manzanet-Daniels, Román, JJ.