■ In the Matter of Genesis F. and Others, Children Alleged to be Neglected. Xiomaris S., Appellant; Administration for Children's Services, Respondent. [994 NYS2d 341]—

Order, Family Court, New York County (Jody Adams, J.), entered on or about December 13, 2010, which, following a fact-finding hearing, determined that respondent mother neglected the subject children, unanimously affirmed, without costs.

A preponderance of the evidence supports the finding that respondent neglected her three children by inflicting excessive corporal punishment on them (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; Matter of Alex R. [Maria R.], 81 AD3d 463 [1st Dept 2011]). The children's independent, out-of-court statements to the caseworker, describing how respondent grabbed them by their clothing causing their clothing to rip, threw them on the bed, scratched them, punched them, and bit the oldest child on her back, cross-corroborated each other's statements (see id.; Matter of Devante S., 51 AD3d 482 [1st Dept 2008]).

The children's out-of-court statements were further corroborated by the caseworker's own observation of a cut on the oldest child's lip and a bite mark on her back, as well as scratch marks on the middle child's hand, and an old belt mark on the youngest child's leg and photographs of the children's bruises (see Matter of Harrhae Y. [Shy-Macca Ernestine B.], 112 AD3d 512, 512 [1st Dept 2013]), as well as respondent's own admission that she grabbed two of the children, ripped their clothing, hit her oldest child in the mouth and bit her on her back (see Matter of Joshua J.P. [Deborah P.], 105 AD3d 552 [1st Dept 2013]).

There is no merit to respondent's argument that the finding of neglect is unsupported by the evidence because this was a "single" or isolated incident. The children told the caseworker about prior incidents. In any event, a single incident of excessive corporal punishment may be sufficient to sustain such a finding (see Matter of Cevon W. [Talisha W.], 110 AD3d 542 [1st Dept 2013]).

We have considered respondent's remaining argument and

find it unavailing. Concur—Mazzarelli, J.P., Acosta, DeGrasse and Manzanet-Daniels, JJ.