In the Matter of JAYDEN R. and Another, Children Alleged to be Neglected. JACQUELINE C., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [23 NYS3d 170]—

Orders of disposition, Family Court, Bronx County (Valerie A. Pels, J.), entered on or about July 22, 2013, to the extent they bring up for review an order of fact-finding, same court (Jane Pearl, J.), entered on or about March 28, 2013, which, to the extent appealed from as limited by the briefs, found that respondent mother had neglected the older subject child and had derivatively neglected the younger subject child, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the orders of disposition.

A preponderance of the evidence supports the Family Court's finding that the mother had neglected the older child by inflicting excessive corporal punishment on him (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; Matter of Genesis F. [Xiomaris S.], 121 AD3d 526, 526 [1st Dept 2014]). The older son's out-of-court statements that the mother had a history of hitting him with a belt, causing bruises to his body, were properly admitted into evidence. His statements were corroborated by an agency caseworker's observation of bruises on the child, photographs depicting the injuries, medical records, and the mother's own admission that she had beaten the child with a belt (Genesis, 121 AD3d at 526; Matter of Aniya C. [Michelle C.], 99 AD3d 478, 479 [1st Dept 2012]).

The mother failed to preserve her argument that there was insufficient evidence of impairment of her older child's physical, mental or emotional condition (see Matter of Star Leslie W., 63 NY2d 136, 145 [1984]). In any event, we reject it on the merits. There is also no merit to the mother's argument that the case involved a single or isolated incident of reasonable discipline. The child told the caseworker and his grandmother about prior incidents in which the mother hit the child with a belt and her hands, and the mother acknowledged threatening

the child with a belt and claimed that he "bruises easily." In any event, a single incident of excessive corporal punishment may be sufficient to sustain a finding of neglect (*see Matter of Cevon W. [Talisha W.]*, 110 AD3d 542, 542 [1st Dept 2013]).

The finding of neglect was also supported by the evidence that the mother's boyfriend, corespondent Raymond, had inflicted excessive corporal punishment against the older child, and that the mother knew or should have known about the corporal punishment but failed to take any steps to protect the child (*see Matter of Gabriel J. [O'Neill H.]*, 99 AD3d 543, 544 [1st Dept 2012], *lv dismissed* 20 NY3d 999 [2013]).

The evidence of the mother's neglect of the older child supports the finding that she derivatively neglected the younger child (*see Matter of Kaiyeem C. [Ndaka C.]*, 126 AD3d 528, 529 [1st Dept 2015]; *Matter of Syed I.*, 61 AD3d 580, 580 [1st Dept 2009]). Concur—Friedman, J.P., Acosta, Andrias and Richter, JJ.