■ In the Matter of NATAYSHA O. and Others, Children Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; MANUEL O., Respondent. [25 NYS3d 88]—

Order, Family Court, Bronx County (Fiordaliza A. Rodriguez, J.), entered on or about July 22, 2015, which, after a fact-finding hearing, dismissed the petitions alleging that respondent neglected one of the subject children by inflicting excessive corporal punishment on her and derivatively neglected the other two children, unanimously reversed, on the law and the facts, without costs, findings of neglect and derivative neglect entered against respondent, and the matter is remanded to Family Court for a dispositional hearing.

Contrary to the court's determination, a preponderance of the evidence establishes that respondent intentionally burned Jamylezse, who was then almost four years old, with a cigarette after he became angry with her for taking a toy from another child. By thus inflicting excessive corporal punishment upon her, respondent failed to provide the child with proper supervision or guardianship, rendering Jamylezse a neglected child (Family Ct Act § 1012 [f] [i] [B]).

A daycare worker testified that after she noticed a round burn mark on Jamylezse's inner arm and asked her about the "boo boo," the child replied, "[D]addy burn me with a cigarette," and demonstrated a motion with her wrist twisting into the underside of her arm. An agency caseworker similarly testified that the child told her that she got the mark from "poppy" and used a circular motion to show something being pressed against her arm. The court credited the testimony of both these witnesses. Jamylezse's out-of-court statements were corroborated

by a photograph taken by the caseworker of the mark on the child's arm, coupled with the caseworker's testimony as to her observations of the injury (*see Matter of Harrhae Y. [Shy-Macca Ernestine B.]*, 112 AD3d 512 [1st Dept 2013]; *Matter of Yvelize T.*, 302 AD2d 242, 242-243 [1st Dept 2003]).

The court also credited respondent's testimony that the child's injury was caused by accidental contact with the lit cigarette. However, we reject this testimony as "inherently improbable" (*see Matter of Allen v Black*, 275 AD2d 207, 210 [1st Dept 2000] [internal quotation marks omitted]) because of the location of the burn, respondent's varying accounts of how the accident occurred, and his testimony that no mark appeared until the next day and that the mark was then no larger than a mosquito bite and never as bad as what was depicted in the photograph entered into evidence.

The fact that Jamylezse's injury was the result of a single incident does not preclude a finding of excessive corporal punishment, although it may be relevant to disposition. By intentionally burning his young daughter with a cigarette, respondent demonstrated that his "parent[al] judgment was strongly impaired and the child exposed to a risk of substantial harm" (*see Matter of Cevon W. [Talisha W.]*, 110 AD3d 542, 542 [1st Dept 2013] [internal quotation marks omitted]).

We find that respondent derivatively neglected the other two children, who were present when he intentionally burned Jamylezse with his cigarette, because the record demonstrates that respondent's parental judgment was so impaired as to create a substantial risk of harm for any child in his care (*see Matter of Joshua R.*, 47 AD3d 465, 466 [1st Dept 2008], *lv denied* 11 NY3d 703 [2008]). Concur—Tom, J.P., Sweeny, Gische and Kapnick, JJ.