■ In the Matter of Tyson T. and Others, Children Alleged to be Neglected. Latoyer T. et al., Appellants; Commissioner of the Administration for Children's Services, Respondent. [45 NYS3d 459]—

Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about October 6, 2015, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about June 2, 2015, which found that respondent mother and respondent father neglected the subject children Tyson T. and Shaun T., and derivatively neglected the child Karen T., unanimously modified, on the law and the facts, to vacate the findings of neglect as to Tyson T. and enter a finding that respondent father and respondent mother derivatively neglected Tyson T., and otherwise affirmed, without costs.

A preponderance of the evidence supports the Family Court's finding that on December 6, 2012, the father neglected Shaun by inflicting excessive corporal punishment upon him by striking him with a plastic bat and belt, which caused the child's elbow to be scratched, bruised and swollen. Shaun's out-of-court statements were sufficiently corroborated by the caseworker's testimony as to her observations of his injuries and the photographs depicting them (*see Matter of Naomi J. [Damon R.]*, 84 AD3d 594 [1st Dept 2011]; *Matter of Jazmyn R. [Luceita F.]*, 67 AD3d 495 [1st Dept 2009]).

Given the conflicting explanations as to how Shaun's injuries occurred, Family Court was confronted primarily with issues of credibility, as to which its findings should be accorded great weight (*see Matter of Sheneika V.*, 20 AD3d 541, 542 [1st Dept 2005]), and are supported by the record. The father's and the caseworker's testimony are substantially similar as to what transpired during the December 6, 2012 incident, and the father has failed to present any reason to disturb the Family Court's credibility determinations (*see Matter of Irene O.*, 38 NY2d 776, 777-778 [1975]). The fact that Shaun did not require medical treatment for his injuries does not preclude a finding of neglect against the father due to excessive corporal punishment (*see Matter of Adam Christopher S. [Deborah D.]*, 120 AD3d 1110, 1110 [1st Dept 2014]).

However, we find that the Family Court erred in entering a finding that the father inflicted excessive corporal punishment upon Tyson because there is no testimony that the child was physically or emotionally harmed as a result of his being disciplined by the father (*see Matter of Christy C. [Jeffrey C.]*, 74 AD3d 561, 562-563 [1st Dept 2010]). Instead, we enter findings of derivative neglect against the father as to Tyson, because a preponderance of the evidence shows that he was in the home when the December 6, 2012 incident occurred and was aware of what was transpiring (*see Matter of Deivi R. [Marcos R.]*, 68 AD3d 498, 498-499 [1st Dept 2009]). The findings of derivative neglect as to Karen were properly entered, because the record shows that she was present and aware of what was happening during the same incident.

As to the mother, petitioner failed to show by a preponderance of the evidence that she inflicted excessive corporal punishment upon Tyson or Shaun. However, Shaun's testimony that the mother sat on the couch and observed the December 6, 2012 beating, which was corroborated by Karen's testimony, supported a finding that the mother neglected Shaun by failing to take any actions to protect Shaun and derivatively neglected Tyson and Karen, who were in the home and aware of what was transpiring (*see Matter of Alysha M.*, 24 AD3d 255 [1st Dept 2005], *lv denied* 6 NY3d 709 [2006]; *Matter of Rayshawn R.*, 309 AD2d 681 [1st Dept 2003]). Concur—Friedman, J.P., Moskowitz, Webber, Kahn and Gesmer, JJ.