Matter of Ivahly M. (Jennifer L.) (2018 NY Slip Op 01406)





Matter of Ivahly M. (Jennifer L.)


2018 NY Slip Op 01406


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Sweeny, J.P., Renwick, Tom, Mazzarelli, Oing, JJ.


5874 5873B 5873A 5873

[*1]In re Ivahly M., and Others, Children Under Eighteen Years of Age, etc., Jennifer L., Respondent-Appellant, Commissioner of the Administration for Children's Services, Petitioner-Respondent.


Steven N. Feinman, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jessica Miller of counsel), for respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the children.



Orders of disposition, Family Court, New York County (Jane Pearl, J.), entered on or about March 13, 2017, to the extent they bring up for review a fact-finding order, same court and Judge, entered on or about February 8, 2017, which found that the mother neglected Aiden and Victor, and derivatively neglected Avah, Ivahly, and Royal, unanimously affirmed, without costs. Appeal from the fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the orders of disposition.
Family Court's neglect finding against the mother based on her infliction of excessive corporal punishment on Aiden and Victor is supported by a preponderance of the evidence (see Matter of Deivi R. [Marcos R.], 68 AD3d 498 [1st Dept 2009]). The children's out-of-court statements that the mother had used excessive corporal punishment against them, on more than one occasion, including that the mother had punched Aiden in the face, causing him to become unconscious, and left a bruise on his forehead, were cross-corroborated by each others' statements, by their statements to agency caseworkers and to the maternal grandmother, and by the caseworker's and maternal grandmother's observations of bruises, as well as a one-inch laceration on Aiden's upper lip, which he stated was caused by the mother punching him (see Matter of Tiara G. [Cheryl R.], 102 AD3d 611 [1st Dept 2013], lv denied 21 NY3d 855 [2013]).
The court, in its discretion and in light of the credible evidence, properly rejected the mother's denials of excessive corporal punishment, and we find no basis to disturb the credibility determinations on appeal (see Matter of Frantrae W., 45 AD3d 412, 413 [1st Dept 2007], lv denied 10 NY3d 705 [2008]).
The finding of neglect warranted a finding of derivative neglect as to the subject children Ivahly, Avah and Royal (see Matter of Jasmine B., 66 AD3d 420 [1st Dept 2009]).
We have considered the mother's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK