Matter of Elie W., Jr. (Elie W., Sr.) (2018 NY Slip Op 07668)





Matter of Elie W., Jr. (Elie W., Sr.)


2018 NY Slip Op 07668


Decided on November 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2018

Sweeny, J.P., Manzanet-Daniels, Gische, Gesmer, Singh, JJ.


7592

[*1]In re Elie W., Jr., A Child Under the Age of Eighteen Years, etc., Elie W., Sr., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Andrew J. Baer, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.



Order of fact-finding and disposition, Family Court, New York County (Jane Pearl, J.), entered on or about August 3, 2017, which, inter alia, determined after a hearing that respondent father neglected the subject child, unanimously affirmed, without costs.
The finding of neglect is supported by a preponderance of the evidence that respondent's actions posed an imminent danger to the child's emotional and physical well-being (see Family Court Act §§ 1012[f][i][B]; 1046[b][i]). The child's mother testified that she and respondent engaged in numerous physical altercations, one of which lasted for hours, in the child's presence, and the agency caseworker testified that she observed bruises all over the mother's body after the most recent altercation (see Matter of Elijah T. [Melvin G.], 154 AD3d 635, 636 [1st Dept 2017]). The record shows that, during that altercation, not only did the child witness the domestic violence, but he also became involved in the altercation when he ran towards the mother and was knocked over, and hit his head on the corner of a table, when respondent thrust out his arm (see Matter of Kenny J.M. [John M.], 157 AD3d 593 [1st Dept 2018]).
Contrary to respondent's arguments, there is no basis in the record for disturbing Family Court's credibility determinations (see Matter of Frantrae W., 45 AD3d 412 [1st Dept 2007], lv denied 10 NY3d 705 [2008]; Matter of Ilene M., 19 AD3d 106 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 13, 2018
CLERK