Matter of Chance R. (Andre W.--Taiesha R.) (2019 NY Slip Op 00391)





Matter of Chance R. (Andre W.--Taiesha R.)


2019 NY Slip Op 00391


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Sweeny, J.P., Richter, Tom, Kern, Singh, JJ.


8168

[*1]In re Chance R., And Others, Children Under Eighteen Years of Age, etc., Andre W., Respondent-Appellant, Commissioner of the Administration for Children's Services, Petitioner-Respondent, Taiesha R., Respondent.


Bruce A. Young, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the children.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about March 3, 2017, which, inter alia, found that respondent neglected the subject child Christopher H. and derivatively neglected the other children, unanimously affirmed, without costs.
The evidence supports the finding that respondent, who had a three-year relationship with the children's mother, was a person legally responsible for the children within the meaning of Family Ct Act § 1012(g). He dropped off and picked them up from school and disciplined them when they were disrespectful to the mother. Although he only admitted to occasionally staying overnight at the mother's apartment, and claimed to have another primary residence, there was evidence that he actually lived in the apartment with the mother and the two children who resided with her. The children who did not live full time with their mother all reported that respondent was there whenever they were present and that he and the mother were always together. Furthermore, respondent was the biological father of the mother's newborn child and was present daily, for at least the first month of this child's life, assisting the mother in caring for the newborn, as well as all the other children (see Matter of Keoni Daquan A. [Brandon W.-April A.], 91 AD3d 414 [1st Dept 2012]; Matter of Christopher W., 299 AD2d 268 [1st Dept 2002]). There exists no basis to disturb the court's credibility determinations (see Matter of Irene O., 38 NY2d 776, 777 [1975]).
The court's finding of neglect as against respondent based on his infliction of excessive corporal punishment on Christopher is supported by a preponderance of the evidence, including the children's out-of-court statements, medical records and the caseworker's observations (see Matter of Tiara G. [Cheryl R.], 102 AD3d 611 [1st Dept 2013], lv denied 21 NY3d 855 [2013]; Matter of Deivi R. [Marcos R.], 68 AD3d 498 [1st Dept 2009]). Neglect findings have been upheld based on a single instance of improper supervision in the form of excessive corporal punishment (see e.g. Matter of Joshua R., 47 AD3d 465, 466 [1st Dept 2008], lv denied 11 NY3d 703 [2008]).
The finding of neglect warranted the finding of derivative neglect as to the other children (see Matter of Jasmine B., 66 AD3d 420 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK