Matter of Damaris D. (Durven D.--Stephanie D.) (2019 NY Slip Op 01148)





Matter of Damaris D. (Durven D.--Stephanie D.)


2019 NY Slip Op 01148


Decided on February 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2019

Friedman, J.P., Sweeny, Webber, Kahn, Kern, JJ.


8404

[*1]In re Damaris D., and Another, Children Under the Age of Eighteen Years, etc., Durven D., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent, Stephanie D., Respondent.


Steven N. Feinman, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Jessica Miller of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the children.



Order of fact-finding, Family Court, New York County (Clark V. Richardson, J.), entered on or about June 30, 2017, which determined that respondent father neglected the subject children, unanimously affirmed, without costs.
The finding of neglect is supported by a preponderance of the evidence, establishing that respondent's actions posed an imminent danger to the children's emotional and physical well-being (see Family Court Act §§ 1012[f][i][B]; 1046[b][i]). The caseworker testified that one of the children saw respondent and the mother engage in numerous physical altercations, which frightened her. Respondent confirmed that the children exhibited signs of fear when he and the children's mother fought. The children's mother also testified that she and respondent had a history of hitting each other in the children's presence (see Matter of Elijah T. [Melvin G.], 154 AD3d 635, 636 [1st Dept 2017]). The record shows that, during one of the altercations, not only did the children witness the domestic violence, but the then four-year- old child also became involved in the altercation when she attempted to intervene, and respondent picked her up and threw her into a chair (see Matter of Kenny J.M. [John M.], 157 AD3d 593 [1st Dept 2018]).
Respondent argues that he is the victim of the domestic violence. However, we note Family Court's prior findings of neglect against respondent concerning the subject children and their half-siblings. Respondent also admitted that he has not participated or completed a batterer's program, anger management, and a mental health evaluation, as previously ordered by [*2]Family Court. Contrary to respondent's arguments, there is no basis in the record for disturbing Family Court's credibility determinations (see Matter of Frantrae W., 45 AD3d 412 [1st Dept 2007], lv denied 10 NY3d 705 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 14, 2019
CLERK