Matter of Patrick A. St. M-H (Patrick St. M.) (2019 NY Slip Op 04093)





Matter of Patrick A. St. M-H (Patrick St. M.)


2019 NY Slip Op 04093


Decided on May 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2019

Friedman, J.P., Gische, Tom, Webber, Gesmer, JJ.


9424

[*1]In re Patrick A. St. M-H, A Child Under Eighteen Years of Age, etc., Patrick St. M., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Steven N. Feinman, White Plains, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Bruce A. Young, New York, attorney for the child.



Order, Family Court, New York County (Jane Pearl, J.), entered on or about April 9, 2018, which, inter alia, upon a finding that respondent father neglected the subject child, released the child to nonrespondent mother with supervision by petitioner Administration for Children's Services for a period of 12 months, unanimously affirmed, without costs.
The finding of neglect based on the father's infliction of excessive corporal punishment on the then seven-year-old child was supported by a preponderance of the evidence, including the child's out-of-court statements, medical records and the caseworker's observations (see Matter of Deivi R. [Marcos R.], 68 AD3d 498 [1st Dept 2009]). When the child returned to the mother's care after spending the weekend with the father, the child had a bruise on his right cheek. The child disclosed to a caseworker, a pediatrician, and the mother that the father had slapped him twice in the face with enough force as to cause his tooth to bleed, and three days after the incident occurred, the child had a linear abrasion measuring two-to-three centimeters. This single instance of excessive corporal punishment is sufficient to make a finding of neglect (see e.g. Matter of Chance R. [Andre W.], 168 AD3d 554, 555 [1st Dept 2019]; Matter of Cevon W. [Talisha W.], 110 AD3d 542 [1st Dept 2013]).
We have considered the father's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2019
CLERK