Matter of Liza F. (Bon F.) (2019 NY Slip Op 08533)





Matter of Liza F. (Bon F.)


2019 NY Slip Op 08533


Decided on November 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 26, 2019

Mazzarelli, J.P., Kapnick, Gesmer, Moulton, JJ.


10445A 10445

[*1] In the re Liza F., and Another. Children Under Eighteen Years of Age, etc., Bon F., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Cynthia Kao of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for children.



Order of disposition, Family Court, Bronx County (Patria Frias-Colón, J.), entered on or about April 30, 2018, insofar as it brings up for review a fact-finding order, same court (Ta-Tanisha D. James, J.), entered on or about March 16, 2018, which found that respondent father neglected the subject children, unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The father's acts of throwing a chair at the younger child, striking his right arm, wrapping his hands around that child's neck and choking him so as to cause scratches on his neck as documented in the color photographs taken by the caseworker the day after the January 22, 2017 incident and included in the record, constituted excessive corporal punishment (see Matter of Alysha M., 24 AD3d 255, 255-256 [1st Dept 2005], lv denied 6 NY3d 709 [2006]). The younger child's out-of-court statements as testified to by the caseworker were corroborated by the color photographs she took depicting the injuries she observed on the child when she interviewed him the day after the father assaulted him (see Matter of Tyson T. [Latoyer T.], 146 AD3d 669, 669 [1st Dept 2017]). The court's credibility determinations are supported by the record (see Matter of Bobbi B. [Bobby B.], 165 AD3d 587, 587 [1st Dept 2018]). Since a single incident of excessive corporal punishment can support a neglect finding (see Matter of Marelyn Dalys C.-G. [Marcial C.], 113 AD3d 569, 570 [1st Dept 2014]; Matter of Rachel H., 60 AD3d 1060, 1061 [2d Dept
2009]), we affirm on this basis, and need not reach the father's arguments about Family Court's additional findings.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 26, 2019
DEPUTY CLERK