Matter of Rahmel G. (Carlene G.) (2022 NY Slip Op 00373)





Matter of Rahmel G. (Carlene G.)


2022 NY Slip Op 00373


Decided on January 25, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 25, 2022

Before: Gische, J.P., Webber, Mendez, Rodriguez, Pitt, JJ. 


Docket No. NN-15854/18, NN-15855/18 Appeal No. 15130 Case No. 2021-01684 

[*1]In the Matter of Rahmel G. and Another, Children Under the Age of Eighteen Years, etc., Carlene G., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 


Jay A. Maller, New York, for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Geoffrey M. Stannard of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the children.



Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about April 7, 2021, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about January 13, 2020, which found that respondent mother neglected her older child and derivatively neglected her younger child, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that respondent neglected her older child (Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). The child's out-of-court statement that respondent repeatedly struck the child with a belt was sufficiently corroborated by the testimony of the child's two uncles who witnessed the incident, as well as by the out-of-court statements of the child's younger sibling, which were submitted through the caseworker's testimony (see Matter of Antonio S. [Antonio S., Sr.], 154 AD3d 420, 420 [1st Dept 2017]). Regardless of whether respondent had a valid reason for disciplining the older child, the descriptions by the uncles of respondent's out-of-control conduct and the evidence of the resulting injuries sustained by the child reflect that the discipline was not appropriate in form or degree and went well beyond any common-law right to use reasonable force to discipline her children (see Matter of Jermaine J. [Howard J.], 121 AD3d 437, 438 [1st Dept 2014]; Matter of Krystopher D'A. [Amakoe D'A.], 121 AD3d 484, 484 [1st Dept 2014]). While respondent testified that this was an isolated incident where she spanked the child "on his bottom" about five times with a belt, there was evidence in the record that respondent regularly used corporal punishment on the children. Moreover, even a single incident of excessive corporal punishment may support a finding of neglect (see Matter of Jayden R. [Jacqueline C.], 134 AD3d 638, 639 [1st Dept 2015]). Any inconsistencies in the fact-finding testimony raised issues of credibility that were properly resolved by Family Court (see Matter of Deivi R. [Marcos R.], 68 AD3d 498, 499 [1st Dept 2009]).
Contrary to respondent's contention, the finding that she derivatively neglected the younger child is supported by the evidence that she inflicted excessive corporal punishment against the older child (see id. at 499). Respondent's excessive corporal punishment of the older child demonstrates that she has a sufficiently faulty understanding of her parental duties to warrant an inference that she is an ongoing danger to the younger child (see Family Ct Act § 1046[a][i]; Matter of David R. [Carmen R.], 123 AD3d 483, 485 [1st Dept 2014]). Furthermore, the record shows that the younger child was present and witnessed respondent repeatedly striking the older child with the belt, which further supports the finding of derivative neglect (see Matter of Tyson T. [Latoyer T.], 146 AD3d 669, 670 [1st Dept 2017]; Matter of Nataysha O. [Manuel O.], 135 AD3d 660, 661 [1st Dept 2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 25, 2022