Matter of Empress B. (Henrietta L.) (2022 NY Slip Op 02753)

Matter of Empress B. (Henrietta L.)

2022 NY Slip Op 02753

Decided on April 26, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 26, 2022

Before: Renwick, J.P., Kapnick, Gesmer, Moulton, Shulman, JJ. 

Docket No. NN-3774-76/21 Appeal No. 15798-15798A Case No. 2021-03426 

[*1]In the Matter of Empress B., and Others, Children Under Eighteen Years of Age, etc., Henrietta L. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Steven N. Feinman, White Plains, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Kevin Osowski of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the children.

Order of disposition, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about August 24, 2021, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about the same date, which determined that respondent mother neglected her eldest child and derivatively neglected her two other children, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports the finding that respondent neglected the eldest child by inflicting excessive corporal punishment upon her (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). The child's out-of-court statement that respondent physically fought with her was corroborated by the youngest child's out-of-court statements, which were submitted through a caseworker's testimony, as well as respondent's own out-of-court statements and testimony about the incident, the caseworker's further testimony that she saw the eldest child's injuries two days after that incident occurred, and the medical records and the photographs documenting those injuries (see Matter of Syeda A. [Syed I.], 186 AD3d 1145, 1146 [1st Dept 2020]; Matter of Alyssa-Marie D. [Richard Luke D.], 171 AD3d 493, 494 [1st Dept 2019]).
Whether or not respondent had a valid reason for disciplining her eldest child, then 14 years old, who had left the home with an older cousin without permission for two days, the testimony describing her violence toward the child and the child's resulting injuries reflect that the discipline was not appropriate in form or degree (see Matter of Krystopher D'A. [Amakoe D'A.], 121 AD3d 484, 484 [1st Dept 2014]). This discipline far exceeded any reasonable force that she had a common-law right to use to discipline her child (see Matter of Jermaine J. [Howard J.], 121 AD3d 437, 438 [1st Dept 2014]). That the injuries were the result of a single incident of excessive corporal punishment does not preclude a finding of excessive corporal punishment (see Matter of Syeda, 186 AD3d at 146).
Respondent's use of excessive corporal punishment against the eldest child supports the finding of derivative neglect as to the child's two younger siblings. The siblings were home during the incident (see Family Ct Act § 1046[a][i]; Matter of Tyson T. [Latoyer T.], 146 AD3d 669, 670 [1st Dept 2017]). The youngest child witnessed it, and both of the younger siblings saw the eldest child's bloody lip afterwards. The extent of respondent's conduct, and her lack of control, demonstrate that her parental judgment was so impaired as to create a substantial risk of harm for any child in her care (see Matter of Nataysha O. [Manuel O.], 135 AD3d 660, 661 [1st Dept 2016]; Matter of David R. [Carmen R.], 123 AD3d 483, 485 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 26, 2022