Matter of Desiree D. (Iris D.) (2022 NY Slip Op 05815)

Matter of Desiree D. (Iris D.)

2022 NY Slip Op 05815

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, Mendez, JJ. 

Docket No. N10768/20 Appeal No. 16447-16447A Case No. 2021-04475 

[*1]In the Matter of Desiree D., and Another, Children Under the Age of 18 years, etc., Iris D., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Larry S. Bachner, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for respondent.
Leslie S. Lowenstein, Woodmere, attorney for the child Desiree D.
Bryan S. Greenberg, New York, attorney for the child Jamal R., Jr.

Order of disposition, Family Court, Bronx County (Michael R. Milsap, J.), entered on or about November 23, 2021, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about October 28, 2021, which found that respondent mother neglected and derivatively neglected the two subject children, unanimously affirmed, without costs. Appeal from the fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports the finding that the mother neglected the older child by inflicting excessive corporal punishment upon her (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). The child's out-of-court statement to the caseworker that the mother bit her hand, hit her in the head with a cane, and scratched her face after she tried to intervene in a physical altercation between the mother and her boyfriend is supported by the caseworker's testimony as to her own observations of the child's injuries, along with the color photographs the caseworker took depicting the injuries she observed on the child's hand and face a few hours after the mother assaulted her (see Matter of Terazay S. [Yazaret T.], 180 AD3d 487, 487-488 [1st Dept 2020]; Matter of Alyssa-Marie D. [Richard Luke D.], 171 AD3d 493, 494 [1st Dept 2019]).
Regardless of whether the mother had a valid reason for disciplining the older child, the descriptions of her violence towards the child and the resulting injuries as seen in the photographs show that the mother's actions were inappropriate and went well beyond any common-law right to use reasonable force to discipline her children (see Matter of Rahmel G. [Carlene G.], 201 AD3d 567, 568 [1st Dept 2022]; Matter of Krystopher D'A. [Amakoe D'A.], 121 AD3d 484, 484 [1st Dept 2014]). That the older child's injuries were the result of a single incident does not preclude a finding of excessive corporal punishment (see Matter of Liza F. [Bon F.], 177 AD3d 570, 571 [1st Dept 2019]; Matter of Jayden R. [Jacqueline C.], 134 AD3d 638, 639 [1st Dept 2015]).
The mother's other arguments regard matters outside the record, are unpersuasive. Further, the mother's claim that petitioner's failure to produce the older child to testify at the fact-finding hearing violated her constitutional right of confrontation is improperly raised for the first time on appeal because the record shows that the mother never requested the child's testimony (see Matter of "Baby Girl" Q., 14 AD3d 392, 393 [1st Dept 2005], lv denied 5 NY3d 704 [2005]).
In addition, the mother's use of excessive corporal punishment against the older child supports the finding of derivative neglect as to the younger child, because her behavior demonstrated such an impaired level of judgment as to create a substantial risk of harm to any child in her care (see Family Ct Act § 1046[a][i]; Matter of David R. [Carmen R.], 123 AD3d 483, 485 [1st Dept 2014]; Matter of Joshua R., 47 AD3d [*2]465, 466 [1st Dept 2008], lv denied 11 NY3d 703 [2008]). The testimony establishes that the younger child witnessed, or was present for, part of the altercation between the older child and the mother, further supporting the finding of derivative neglect (see Matter of Tyson T. [Latoyer T.], 146 AD3d 669, 670 [1st Dept 2017]; Matter of Nataysha O. [Manuel O.], 135 AD3d 660, 661 [1st Dept 2016]).
The older child's request to modify the placement terms of the dispositional order and return to her mother due to legitimate issues with her ACS placement, is not properly before us, since she did not appeal. In any event, the issue is moot, as that order has expired by its own terms and was superseded by a later permanency order (see Matter of Fawaz A. [Franklyn B.C.], 112 AD3d 550, 551 [1st Dept 2013]).
We have considered the mother's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022