Matter of EJ W. (Leroy E. W., Jr.) (2023 NY Slip Op 00387)

Matter of EJ W. (Leroy E. W., Jr.)

2023 NY Slip Op 00387

Decided on January 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 26, 2023

Before: Friedman, J.P., Moulton, Kennedy, Pitt-Burke, JJ. 

Docket No. NN-01492/21, NN-01514/21 Appeal No. 17179 Case No. 2022-02585 

[*1]In the Matter of EJ W. and Another, Children Under Eighteen Years of Age, etc., Leroy E. W., Jr., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 

Larry S. Bachner, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Mackenzie Fillow of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child EJ W.

Order, Family Court, New York County (Valerie A. Pels, J.), entered on or about June 6, 2022, which, after a fact-finding hearing, determined that respondent father neglected EJ and derivatively neglected Ericka, unanimously affirmed, without costs.
A preponderance of the evidence supports the court's finding that the father neglected EJ by inflicting excessive corporal punishment and misusing alcohol to the extent he lost self-control of his actions (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). The credited evidence shows that the father struck EJ and pushed him to the floor, causing visible scratches to his neck, chest, and right hand, after EJ refused to allow the father to drive him home because the father had consumed alcohol and appeared intoxicated (see Matter of Ena S.Y. [Martha R.Y.—Antonio S.], 140 AD3d 778, 780 [2d Dept 2016]; Matter of Aniya C. [Michelle C.], 99 AD3d 478, 479 [1st Dept 2012]). The evidence furthers shows that, after EJ returned home to his mother, the father went to the mother's home, banged on the door, and threatened to harm EJ, the mother, and the mother's boyfriend for approximately 40 minutes until the mother called the police (see Nasiim W. v Keala M., 88 AD3d 452, 453 [1st Dept 2011]). That EJ's injuries were the result of a single incident does not preclude a finding of excessive corporal punishment or neglect (see Matter of Liza F. [Bon F.], 177 AD3d 570, 571 [1st Dept 2019]; Matter of Alyssa-Marie D. [Richard Luke D.], 171 AD3d 493, 494 [1st Dept 2019]).
The finding of derivative neglect as to Ericka was supported by evidence of her presence in the room during the altercation between EJ and the father (see Matter of Tyson T. [Latoyer T.], 146 AD3d 669, 670 [1st Dept 2017]).
The father's remaining arguments are unpreserved and, in any event, unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 26, 2023