Matter of J.M. (Luis E.) (2023 NY Slip Op 05316)

Matter of J.M. (Luis E.)

2023 NY Slip Op 05316

Decided on October 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 19, 2023

Before: Manzanet-Daniels, J.P., Kern, Scarpulla, Mendez, O'Neill Levy, JJ. 

Docket No. NA-15172/19 Appeal No. 820 Case No. 2022-02210 

[*1]In the Matter of J.M., A Child Under Eighteen Years of Age, etc., Luis E., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Douglas H. Reiniger, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Mackenzie Fillow of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child.

Order of fact-finding and disposition (one paper), Family Court, New York County (Valerie A. Pels, J.), entered on or about May 4, 2022, which, to the extent appealed from as limited by the briefs, after a hearing, found that respondent sexually abused the subject child and neglected her by engaging in acts of domestic violence against nonrespondent mother, unanimously affirmed, without costs.
Family Court's determination that respondent sexually abused his daughter is supported by a preponderance of the evidence (see Family Ct Act §§ 1012[e][iii]; 1046[b]; Matter of Jani Faith B. [Craig S.], 104 AD3d 508, 509 [1st Dept 2013]). The child's sworn testimony at the fact-finding hearing was competent evidence that respondent sexually abused her when she was approximately six years old; the fact that she did not have a physical injury does not require a different result (see Matter of Alijah S. [Daniel S.], 133 AD3d 555, 556 [1st Dept 2015], lv denied 26 NY3d 917 [2016]; Matter of Christina G. [Vladimir G.], 100 AD3d 454, 454 [1st Dept 2012], lv denied 20 NY3d 859 [2013]). Respondent's intent to gain sexual gratification from touching the child's genitals and breasts was properly inferred from the acts themselves and by the child's testimony that he was "moaning" when he would squeeze her chest (see Matter of Maria S. [Angel A.], 185 AD3d 437 [1st Dept 2020]).
The Family Court's finding that respondent neglected the child by consuming alcoholic beverages to the extent that he lost self-control and committed acts of domestic violence in the child's presence, posing an imminent danger to her physical, mental or emotional well-being, is also supported by a preponderance of the evidence (see Family Ct Act §§ 1012[f][i][B]; 1046[a][iii], [b][i]). The child testified that respondent drank alcohol daily and hit the mother in the child's presence "when he was drinking a lot;" testimony that was supported by the mother's and, to some extent, respondent's own testimony (see Matter of EJ W. [Leroy E.W.], 212 AD3d 568, 568 [1st Dept 2023]).
This proof of impaired judgment and loss of self-control during respondent's repeated bouts of excessive alcohol consumption triggers the presumption of neglect under Family Court Act § 1046(a)(iii), which obviates the need to present proof of the child's physical, emotional, or mental impairment or an imminent risk thereof as a consequence of his behavior (see Matter of Nasiim W. [Keala M.], 88 AD3d 452, 453 [1st Dept 2011]). In any event, impairment or imminent danger of impairment may be inferred here by the fact that the incidents of domestic violence occurred in the presence of the child, and that she was aware of and emotionally impacted by the violence she was witnessing as demonstrated by her crying when it happened (see Matter of J.A.W. [Lance W.], 216 AD3d 480, 481 [1st Dept 2023]; Matter of Khalif M. [Malik M.], 215 AD3d 559, 560 [1st Dept 2023]).
There is no basis for disturbing the Family Court's credibility [*2]determinations, which should be accorded deference on appeal, including its evaluation of the child's testimony regarding what acts of abuse and neglect respondent committed (see Matter of Irene O., 38 NY2d 776, 777 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 19, 2023