Matter of D.M.R. (Berkis B.) (2026 NY Slip Op 01415)

Matter of D.M.R. (Berkis B.)

2026 NY Slip Op 01415

Decided on March 12, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026

Before: Kennedy, J.P., Gesmer, Mendez, Pitt-Burke, Rosado, JJ. 

Docket No. N31224/23|Appeal No. 6067-6067A|Case No. 2024-03788|

[*1]In the Matter of D.M.R., A Child Under Eighteen Years of Age, etc., Berkis B., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Monica S. Eskin P.C., Bronx (Monica S. Eskin of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Jennifer Lerner of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society (Judith Stern of counsel), attorney for the child.

Order of fact-finding, Family Court, Bronx County (Ashley B. Black, J.), entered on or about May 2, 2024, which determined, after a hearing, that respondent mother neglected the subject child, unanimously affirmed, without costs. Order, same court and Judge, entered on or about June 5, 2024, which denied the mother's motion to reopen fact-finding, unanimously affirmed, without costs.
A preponderance of the evidence supports Family Court's finding that the mother neglected the child by inflicting excessive corporal punishment. The child's out-of-court statements that the mother became angry and hit the child multiple times with a belt, and belt buckle, causing bruises and welts on the child's arms as the child tried to defend itself, were corroborated by the child's medical records; the testimony of the caseworker that she observed and photographed the child's injuries; and the Emergency Medical Technician (EMT) who responded to the scene, spoke to the child and observed the child's injuries, and witnessed the mother yelling at and grabbing the child (see Matter of L.H.R. [Y.L. — Q.L.R.], 222 AD3d 414, 414-415 [1st Dept 2023]; Matter of Quisbel D.P. [Digna D.P.], 199 AD3d 468, 468-469 [1st Dept 2021]). That the child's injuries resulted from only one incident does not preclude a finding of excessive corporal punishment under the circumstances here (see Matter of Jayden R. [Jacqueline C.], 134 AD3d 638, 639 [1st Dept 2015]). Nor is there any basis for disturbing the court's credibility determination, which is entitled to great deference on appeal, in rejecting the mother's testimony that she acted in self-defense (see Matter of Any G. v Ayman H., 208 AD3d 1097, 1098 [1st Dept 2022]).
Family Court providently exercised its discretion in denying the mother's motion to reopen the fact-finding to permit her to present rebuttal testimony to the EMT's testimony (cf. Matter of Julia BB. [Diana BB.], 42 AD3d 208, 215 [3d Dept 2007], lv denied 9 NY3d 815 [2007]). The mother's motion filed after Family Court had already issued its fact-finding order was untimely. Moreover, the mother was aware that the attorney for the child planned to call an EMT from the day of the incident as a witness, and she had the opportunity to cross-examine the EMT at the fact-finding hearing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 12, 2026