Matter of K.V. v M.K.V.

2026 NY Slip Op 02726

April 30, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of K.V., and Another, Children Under Eighteen Years of Age, etc., Administration for Children's Services of the City of New York, Petitioner-Respondent,

v

M.K.., Respondent-Appellant.

In the Matter of M.R., A Child Under Eighteen Years of Age, etc., Commissioner of Administration for Children's Services of the City of New York, Petitioner-Respondent,

M.K.., Respondent-Appellant.

Decided and Entered: April 30, 2026

Docket No. N-15659/24, N-15600/24, N-15601/24|Appeal No. 6490-6491|Case No. 2025-02067, 2025-02068|

Before: Kennedy, J.P., Gesmer, González, Rosado, Chan, JJ.

Steven N. Feinman, White Plains, for appellant.

Steven Banks, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.

Donna C. Chin, New York, attorney for the child, M.R.

Marion C. Perry, New York, attorney for the children, K.V and K.M.

[*1]

Orders of disposition, Family Court, Bronx County (Pamela B. Scheininger, J.), entered on or about March 12, 2025, to the extent they bring up for review a fact-finding order, same court (E. Grace Park, J.), entered on or about February 18, 2025, which found that respondent mother neglected her eldest child and derivatively neglected her two other children, unanimously affirmed, without costs.

A preponderance of the evidence supports the finding that the mother, in choking her eldest child and pulling and ripping the child's shirt, neglected the child by inflicting excessive corporal punishment on the child (see Family Ct Act §§ 1012[f][i][B]; 1046[b][i]). The child's out-of-court statement that the mother caused the scratches to the neck and stomach during the incident were properly admitted because that statement was corroborated by a caseworker's observation of the scratches on the child and the photographs of the injuries, which the caseworker took the day after they were inflicted (see Matter of Ameena C. [Wykisha C.], 83 AD3d 606, 607 [1st Dept 2011]).

Family Court, in its discretion and in light of the credible evidence, properly rejected the mother's denial of excessive corporal punishment, and we find no basis to disturb the court's credibility determinations on appeal (see Matter of Ivahly M. [Jennifer L.], 159 AD3d 423, 424 [1st Dept 2018]). That the eldest child's injuries were the result of a single incident does not preclude a finding of excessive corporal punishment (see Matter of EJ W. [Leroy E.W.], 212 AD3d 568, 568 [1st Dept 2023]).

The finding of neglect is also supported by a preponderance of the evidence establishing that the mother committed acts of domestic violence against the eldest child's father during the same incident (see Matter of Allyerra E. [Alando E.], 132 AD3d 472, 473 [1st Dept 2015], lv denied 26 NY3d 913 [2015]). The evidence shows that the mother's acts posed imminent danger to the child's emotional and mental wellbeing. The mother's own fact-finding testimony establishes that the child was in the room and crying during the incident (see Matter of J.A.W. [Lance W.], 216 AD3d 480, 481 [1st Dept 2023]).

The evidence of the mother's use of excessive corporal punishment against the eldest child supports the finding of derivative neglect as to the two other children because the mother's behavior demonstrated such an impaired level of parental judgment as to create a substantial risk of harm for any child in her care (see Family Ct Act § 1046[a][i]; Matter of Empress B. [Henrietta L.], 204 AD3d 562, 563 [1st Dept 2022]). The fact-finding testimony establishes that the other children were home during the incident and witnessed part of it (see id.; Matter of Tyson T. [Latoyer T.], 146 AD3d 669, 670 [1st Dept 2017]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 30, 2026