Matter of V.M. (D.M.)

2026 NY Slip Op 03073

May 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of V.M., A Child Under Eighteen Years of Age, etc., D.M., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.

Decided and Entered: May 14, 2026

Docket No. NN-31338-23|Appeal No. 6629|Case No. 2025-03554|

Before: Manzanet-Daniels, J.P., Kennedy, Friedman, Gesmer, Rosado, JJ.

Hegge & Confusione, LLC, New York (Michael Confusione of counsel), for appellant.

Steven Banks, Corporation Counsel, New York (Jennifer Learner of counsel), for respondent.

Janet Neustaetter, The Children's Law Center, Brooklyn (Eva D. Stein of counsel), attorney for the child.

[*1]

Order of fact-finding, Family Court, Bronx County (Lauren T. Broderick, J.), entered on or about October 10, 2024, which determined, after a hearing, that respondent father neglected the subject child, unanimously affirmed, without costs.

A preponderance of the evidence supports the finding that respondent father neglected the subject child by failing to exercise a minimum degree of care, causing the child to be supplied with inadequate shelter, and to lack proper supervision and guardianship such that the child's physical, mental, and emotional condition became impaired, specifically through the imposition of excessive corporal punishment (see Family Ct Act §§ 1012[f] [i] [A], [B]). The testimony of the child and case worker, the case worker's records, and the child's emergency room medical records, established that the father dumped a gallon of soapy liquid over the child's head, causing the child pain and eye and throat irritation, for which she sought medical attention (see Matter of EJ W. [Leroy E.W.], 212 AD3d 568, 568 [1st Dept 2023]; Matter of Empress B. [Henrietta L.], 204 AD3d 562, 563 [1st Dept 2022]). That the child's injuries stemmed from a single incident does not preclude a finding of neglect based on excessive corporal punishment (see Matter of EJ W., 212 AD3d at 568).

The court also properly found that the father neglected the child by subsequently changing the locks to the apartment where the child resided with him and the disabled mother, without providing the child with the new keys (see Matter of Jada J. [Reginald J.], 210 AD3d 499, 500 [1st Dept 2022]).

To the extent the fact-finding order referred to the child's testimony of prior incidents of neglect not alleged in the petition, where, as here, those unpleaded allegations were not the basis upon which the court made its finding of neglect, the mere reference to such allegations was permissible (cf. Matter of Kaius A. [Abigail H.], 245 AD3d 83, 91 [1st Dept 2025]).

Finally, there is no basis for disturbing the court's determination that the child's testimony was credible while the father's testimony had little credibility, a finding that is entitled to great deference on appeal (see Matter of Any G. v Ayman H., 208 AD3d 1097, 1098 [1st Dept 2022]). The father's speculation that the child made up the allegations is not supported by the record.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 14, 2026